EHLINGER v. SPECKELS.  (No. 5704.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 26, 1916. Rehearing Denied Nov. 22, 1916.)

1. BANKRUPTCY ⬮426(1) — DISCHARGE OF DEBT—FALSE REPRESENTATIONS.

Where the maker of a note procured the holder to make a loan to him through false pretenses and false representations that an insurance policy was his policy and fully worth $500, the maker's discharge in bankruptcy did not discharge him from the debt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 787, 792; Dec. Dig. ⬮426(1).]

2. BILLS AND NOTES ⬮505 — DISCHARGE IN BANKRUPTCY — FRAUD — EVIDENCE — ADMISSIBILITY.

In suit on a note representing a loan which the maker procured by false representations that he owned an insurance policy worth $500, evidence of an officer of the insurance company, tending to show that the maker, joined by his wife, had borrowed $230, the full loan value of the policy, from the insurance company, while he had represented that he had borrowed only $100, or $150, of the policy, and had offered it for security, was admissible to show fraud on the maker's part, and to contradict his statements made to the lender.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1717, 1718; Dec. Dig. ⬮505.]

3. APPEAL AND ERROR ⬮1050(1)—HARMLESS ERROR—CROSS-EXAMINATION.

Defendant cannot complain of his testimony on cross-examination, drawn from him over his protest, where he had sworn to practically the same facts in his testimony on direct examination.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153, 4157; Dec. Dig. ⬮1050(1).]

4. APPEAL AND ERROR ⬮1071(1)—STATEMENT OF FACTS—SETTING FORTH DEDUCTIONS.

Where there are sufficient facts in the statement of facts to sustain the judgment, it is immaterial that the court also set forth conclusions, deductions, and inferences instead of facts.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4234; Dec. Dig. ⬮1071(1).]

5. LIENS ⬮18—FORECLOSURE—DENIAL.

In suit on a note, where plaintiff asked foreclosure of lien on defendant's insurance policy, but it was alleged and proved that defendant had no beneficial interest in the policy, the court properly refused to foreclose the lien.

[Ed. Note.—For other cases, see Liens, Cent. Dig. § 30; Dec. Dig. ⬮18.]

Appeal from Fayette County Court; George Willrich, Judge.

Suit by J. C. Speckels against John P. Ehlinger. From a judgment for plaintiff for his debt, but refusing to foreclose a lien, defendant appeals, and plaintiff cross-assigns error in refusing to foreclose his lien. Cross-assignment overruled, and judgment affirmed.

L. D. Brown, of La Grange, for appellant. C. D. Krause, of La Grange, for appellee.

FLY, C. J. This is a suit on a promissory note for $500, executed by appellant to appellee for borrowed money, and which appellant seeks to evade the payment of by a plea of a discharge in bankruptcy. Appellee also sought to foreclose a lien on a certain policy of insurance, which had been executed by appellant. In anticipation doubtless of the plea of discharge in bankruptcy appellee alleged fraud upon the part of appellant in representing that a certain policy of insurance was his policy, that it was a valuable security and fully worth the sum of $500, which representations were false, and known by appellant to be false when he made them. The cause was tried without a jury, and judgment was rendered in favor of appellee for his debt, but the court refused to foreclose a lien on the policy of insurance. The evidence was sufficient to show that the money was obtained by appellant from appellee by representations to the effect that he owned a policy of insurance on which he had borrowed $100 or $150, when the policy was in favor of his wife, and he and she borrowed $230, all permitted by the policy itself. No money could have been obtained from appellee by appellant without security. We approve the findings of fact of the trial judge.

[1] The court did not err in entering judgment for appellee against appellant personally because he had created the debt through false pretenses and false representations, and his discharge in bankruptcy did not discharge him from the debt. Katzenstein v. Reid, 41 Tex. Civ. App. 106, 91 S. W. 360. This disposes of the first, ninth and tenth assignments of error.

[2] The second and third assignments of error are overruled. The evidence of the officer of the insurance company was permissible to show fraud on the part of appellant and to contradict his statements made to appellee. The evidence tended to show that appellant had, joined by his wife, borrowed $230 from the insurance company, that sum

being the full loan value of the policy, when he had represented that he had borrowed only $100 or $150 on the policy and had offered it for security.

[3] Appellant is in no position to complain of his testimony drawn out over his protest on the cross-examination, as he had sworn to practically the same facts in his testimony on direct examination. He stated:

"If my wife had transferred this policy to Mr. Speckels, I would certainly not have paid the premiums on the policy."

The evidence tended to show that appellant knew the lien he had given was worthless when signed by him alone. The fourth and fifth assignments of error are overruled.

[4] There is no merit in the sixth, seventh, eighth, and ninth assignments of error, and they are overruled. The statement of facts supports the judgment, and it is immaterial whether the court set forth conclusions, deductions, and inferences instead of facts or not. However, the court found sufficient facts to sustain the judgment, and those were all the facts necessary to be found. .

The eleventh assignment is too general to be considered.

[5] There is an apparent inconsistency in asking for the foreclosure of a lien on the policy, when it was alleged and proved that appellant has no beneficial interest in the policy. The court did not err in refusing to foreclose the lien, and the cross-assignment of appellee is overruled.

The judgment is affirmed.

———————

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes