## 10206.   ATLANTA LOAN & SAVING COMPANY *v.* NORTON.

"All building and loan associations, and other like associations doing business in this State (and the term 'other like associations' shall include a corporation organized to do a general savings and loan business, and among other things lending its funds to members of the industrial and working classes, or others, and secured in whole or in part by personal endorsements and its own fully paid or installment stock, or its own fully paid or installment certificates of indebtedness, or other personal property) are authorized to lend money to persons not members thereof, nor shareholders therein, at eight per cent. or less, and to aggregate the principal and interest at the date of the loan for the entire period of the loan, and to divide the sum of the principal and the interest for the entire period of the loan into monthly or other installments, and to take security by mortgage with waiver of exemption, or title, or both, upon and to real estate situated in the county in which said building and loan association may be located; and such building and loan association shall be construed to be located in any county wherein it has an office, agent, or resident correspondent: Provided, however, and nevertheless, the associations referred to and as defined herein shall not be compelled to lend their funds exclusively in the manner hereinbefore specified, but in addition thereto also have authority to make loans to members of the industrial and working classes and to all other persons, due at fixed intervals not exceeding twelve months, and secured in whole or in part by personal endorsements and by its own fully paid stock, or stock payable on the installment plan, certificates of indebtedness, fully paid or payable on the installment plan, or both endorsements and such securities, or other personal security and choses in action, and on such loans so made and secured as aforesaid it shall be lawful to deduct interest in advance, but not to exceed eight per cent. discount, and the installment payments, if any, made on such hypothecated stock or certificates of indebtedness during the time the loan is of force may or may not bear interest, at the option of the association, and the taking of said installment payments on said hypothecated stock, certificates of in-

debtedness, choses in action, or other evidences of indebtedness shall not be deemed usurious." Civil Code (1910), § 2878, as amended by the act of 1910 (Ga. L. 1910, p. 55) and the act of 1913 (Ga. L. 1913, p. 54). See Park's Ann. Code, § 2878.

(*a*) "Under the provisions of the charter, constitution and by-laws of the Atlanta Loan and Saving Company, set forth in connection with the questions propounded by the Court of Appeals, that company is 'a like association' within the meaning of the act of 1913, which was an act to amend section 2878 of the Code of 1910.

2. "The act of 1913 referred to above is a general law, and does not fail of effect because the company's charter antedated it and was never amended for the purpose of adopting the privileges it offers." *Atlanta Loan & Savings Co.* v. *Norton*, 149 *Ga.* 805 (102 S. E. 536).

3. Under the foregoing rulings and the facts of the instant case the trial judge erred in finding for the plaintiff in his suit to recover from the defendant company an amount paid by him to it and alleged to be an usurious interest charge; and the judge of the superior court erred in overruling the certiorari.

DECIDED FEBRUARY 24, 1920.

Certiorari; from Fulton superior court—Judge Ellis. October 30, 1918.

*Philip Weltner,* for plaintiff in error.

*Myron Herzberg,* contra.

LUKE, J. This was a suit by W. L. Norton against the Atlanta Loan & Saving Company for an "amount due overpayment on money borrowed," and was submitted to and tried before a judge of the municipal court of Atlanta upon an agreed statement of facts, which were, briefly, as follows: That shortly prior to November 17, 1916, the plaintiff made a written application to the defendant company for a loan of one hundred dollars, for a term of fifty-two weeks, and on December 14, 1916, obtained the loan from the defendant company, giving to it his personal note for one hundred dollars, with two endorsers, and for additional security two $50 shares of the class "C" (installment) stock in that company. This stock had been issued to the plaintiff as a part of the loan transaction, simultaneously with the approval of his application for the loan. Under the terms of the loan agreement, as evidenced by the note, the stock certificate and the constitution and by-laws of the defendant company, this stock was to be paid for in fifty weekly payments of $2 each ($1 per week on each share) payable promptly on Monday of each successive week, one of the provisions of the agreement being that "in the event the weekly installments due on the shares represented by

this certificate are not paid promptly on each Monday a fine of five cents for each share shall be charged for each week said payments are in default." The defendant company, when making the loan, deducted the interest of eight per cent. *in advance,* and paid to the plaintiff the sum of $92 net. Simultaneously with the execution of the plaintiff's note for the money borrowed and the issuance to him of the certificate for two shares of stock in the loan company, he assigned and transferred to the defendant company that stock certificate. The plaintiff thereafter on a number of occasions failed to meet his weekly payments when due, and when these were later paid he was penalized to the extent of $5.20. On November 26, 1917, $96 had been paid in installments on the stock in question; the fines at that time aggregating $5.20. On December 14, 1917, or fifty-two weeks after the date of the note, the obligation fell due. On January 3, 1918, the finance committee of the defendant company charged off a small fine (40 cents) from the $96 credited to the plaintiff on his stock-certificate (because of his failure to meet the installments due on November 19 and 26, 1917), and, under the terms of the loan agreement, retired the two shares of stock at $95.50 net, leaving a balance due thereon of $4.40, which was paid by the plaintiff on January 3, 1918, and upon receipt of that amount the plaintiff's note was surrendered to him.

From this it will be seen that for a loan of $100 (from which 8% interest was deducted in advance) the plaintiff repaid in installments weekly, in fifty-two weeks, the sum of $105.20; that $5.20 of this sum represented legitimate fines for failures to pay the installments when due as agreed; and the only question remaining was whether the retention in advance by the loan company of 8% interest on the loan and the repayment in weekly installments of the principal sum constituted the collection of usurious interest, as contended by the plaintiff. Upon this question the trial court found for the plaintiff, and the judge of the superior court, in overruling the certiorari, concurred in that judgment.

In response to certain questions propounded by this court the Supreme Court held substantially as set forth in the 1st and 2d headnotes hereto, and further ruled that "a corporation organized for the purpose set forth in the charter and constitution of the Atlanta Loan & Saving Company falls within the terms there

used [Civil Code, § 2878, as amended by the act of 1913] to define a like association."

It may be said, in this connection, that the case of *McIntosh* v. *Thomasville Real Estate & Improvement Co.,* 138 *Ga.* 128, cited and relied on by the defendant in error, was decided before the passage of the act of 1913 (Ga. L. 1913, p. 54) amending section 2878 of the Civil Code, and that the doctrine of that case (the 2d division thereof) and of the authorities therein cited has been modified by the legislative definition of the term "a like association." For an elaboration of this decision, see the full opinion of the Supreme Court in this case, 149 *Ga.* 805 (102 S. E. 536).

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*