21398. TAYLOR *et al. v.* CONSOLIDATED LOAN & SAVINGS COMPANY.

JENKINS, P. J. The instant suit was instituted in the municipal court of Atlanta by summons, to which was attached the obligation forming the basis of the action, consisting of a promissory note signed by the maker and a separate instrument written on the reverse side of the same sheet, signed by the maker and two other persons, jointly, severally, and unconditionally guaranteeing payment of the note according to its tenor. Since the suit was instituted jointly against the three guarantors, one of whom was the maker of the note, and the pleadings of the plaintiff were ambiguous to the extent that the instrument relied on did not clearly appear, and there was no special demurrer attacking the suit on the ground of such ambiguity, it will be presumed prima facie that the purpose of the pleader was to serve his best interests, and the pleadings will be construed so as to uphold and not to defeat the action. *Stoddard* v. *Campbell,* 27 *Ga. App.* 363 (3) (108 S. E. 311); *Speir* v. *Westmoreland,* 40 *Ga. App.* 302 (3) (149 S. E. 422); *Carpenter* v. *Williams,* 41 *Ga. App.* 685, 691 (154 S. E. 298). Accordingly, the action will be construed as a joint suit against the three guarantors on the separate contract of guaranty, and not as an effort to join in one suit an action against the maker on the note itself and against the guarantors on their separate contract. The fact that the maker of the note was also one of the guarantors does not affect the validity of the contract of guaranty.

2. The deduction in advance by the plaintiff building and loan association, operating under the special statutes governing them, of interest at eight per cent. discount from the amount of the loan guaranteed by the defendants, did not render the transaction usurious. *Atlanta Loan & Savings Co.* v. *Norton,* 149 *Ga.* 805 (102 S. E. 536), 24 *Ga. App.* 771 (102 S. E. 539). It can not be said, as a matter of law, that the further deduction of two per cent of the amount of the loan to cover the alleged cost of investigating the credit of the borrower, such as obtaining reports from mercantile agencies, etc., was a colorable transaction such as was in reality a scheme or device to evade the statutes against usury, since there is no evidence whatever to contradict the contention of the lender that the amount thus charged was actually expended in a bona fide way as compensation for the service thus obtained, and did not enter into the consideration moving the lender to make the loan itself. *Sanders* v. *Nicolson,* 101 *Ga.* 739 (28 S. E. 976). The instant transaction does not in any way come under the provisions of the "small loan" law as contended in brief of plaintiff in error.

3. The trial judge in the municipal court did not err in overruling the motion to continue of the defendants, which was based on the absence of their joint defendant whom they desired to use as a witness, but who had not been subpœnaed.

4. No evidence of any sort was submitted by the defendants in support of their plea of fraud, and the allegations of fraud set forth in the plea were specifically disproved by the testimony offered on behalf of the plaintiff.

5. The trial judge in the municipal court did not err in overruling the

demurrer of the defendants, and in entering judgment in favor of the plaintiff, and the petition for certiorari was properly overruled.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED DECEMBER 17, 1931. REHEARING DENIED JANUARY 12, 1932.

*Morris Macks, Carl F. Hutcheson,* for plaintiffs in error.
*Burress & Dillard,* contra.