## RICHARD BIRD *et al.*

*v.*

## HUGH FORCEMAN *et al.*

1. CONTRACT—*representations inducing sale.* Where a party purchasing hogs for the market not being aware of the fact that the prices had advanced in Chicago, but relying upon a newspaper report, represented that hogs were on the decline in the market at Chicago, and, in fact communicated all the information within his knowledge on the subject, and thereby induced the owner of a lot of hogs to agree to sell and deliver them at a certain price per pound: *Held,* that the seller could not refuse to deliver, on the ground that the prices had advanced instead of declining.

2. INSTRUCTION—*assuming the existence of a contract.* In a suit to recover damages for the non-delivery of hogs under an alleged contract, the court instructed the jury as follows: "It is incumbent on the defendants, under the contract alleged in plaintiff's declaration, to show an offer to perform, or some excuse for non-performance on their part, in order to excuse themselves from liability to pay damages, if the evidence shows that plaintiffs were ready and willing to perform their part of the contract:" *Held,* not liable to the objection that it assumed the existence of the contract, and when taken in connection with the others given could not mislead the jury.

APPEAL from the Circuit Court of Warren County; the Hon. ARTHUR A. SMITH, Judge, presiding.

This was a suit brought by appellees against appellants, to recover damages for the non-performance of a contract for the sale and delivery of forty-five fat hogs.

It appeared that appellees had offered seven cents per pound for the hogs, but that appellants asked more. One of appellees said, that the last Chicago *Times* he had seen, quoted hogs of that quality on the decline. Upon this, appellants agreed to sell and deliver at the price offered, according to the evi-

dence of appellees, appellants testifying that the sale was conditional, and dependent upon the fact that the price was on the decline in Chicago. It appeared from the Chicago *Times* of the previous day, that the price was on the decline. It also appeared, that in fact on the day of the purchase the price had advanced, but that appellees did not know it.

The court, for the plaintiffs, gave the following instructions :

1. " If the jury believe, from the evidence, that the defendants contracted with the plaintiffs, to deliver to plaintiffs a certain number of fat hogs at the time and in the manner stated in plaintiffs' declaration ; and also that plaintiffs were ready and willing to receive and pay for the hogs at the time and place, and at the price agreed upon, as plaintiffs have in their declaration alleged, the defendants were bound to offer to deliver the hogs in accordance with the terms of the contract, or pay the damages occasioned by their non-performance or failure to deliver the said hogs.

2. " It is incumbent on the defendants under the contract alleged in plaintiff's declaration to show an offer to perform, or some sufficient excuse for non-performance on their part, in order to excuse themselves from liability to pay damages, if the evidence shows that the plaintiffs were ready and willing to perform their part of the contract.

3. " The jury are instructed that the measure of damages in this case is the difference between the contract price and what the hogs were actually worth in the market at Prairie City, where they were to be delivered."

At the instance of appellants the court instructed the jury :

1. " That if they believe, from the evidence, that plaintiff Cates, went to the residence of Birds to buy their hogs, and then proposed to give said Birds seven cents per pound for said hogs, telling them that hogs were on the decline; and defendants, or one of them, told the plaintiff Cates, that if hogs were on the decline at that time they, the plaintiffs, could have them at seven cents per pound, and that they, the defendants, would deliver them at Prairie City the next Monday ; and, if the jury further believe, from the evidence, that hogs were not, at that

time, on the decline, but were really advancing in price, then the defendants were under no obligations to deliver the said hogs to the plaintiffs on such contract, and the verdict should be for defendants.

2.   "The court instructs the jury that plaintiffs, in this case, can only be entitled to recover by proving the contract that they have set out in their declaration ; that it devolves upon them to make out their case ; that they must do so by a preponderance of testimony ; and, if the jury believe, from the evidence, that the defendants agreed to sell their hogs to plaintiffs for seven cents a pound on condition that the price of hogs was on the decline on the 17th day of September, being the date of the contract, and that such was the contract between them, then the jury will find for the defendants, if they further believe, from the evidence, that hogs were not on the decline, but were, in fact, advancing in price ; and it makes no difference, under such a state of facts, if, from the evidence, the jury believe them to have existed, whether the plaintiffs knew of the decline in the price of hogs or not."

The jury returned a verdict for appellees and assessed their damages at $192.37.   Motion for new trial overruled and judgment on the verdict.   Exception taken and an appeal allowed.

Messrs. STEWART & PHELPS, for the appellants.

Messrs. BAILEY & COLE, for the appellees.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

There is no error in this record to justify a reversal of the judgment.

After a careful reading we can not say that the verdict is against the weight of the evidence.

The plaintiffs below proved that they purchased the hogs at seven cents per pound, and that they remarked that the price of hogs was on the decline, according to the report of the market in the Chicago *Times*.   That paper, dated on the day before the

purchase, was introduced, and from its market report it appeared that the prices of hogs were on the decline.

This evidence was not satisfactorily negatived on the part of the defendants. They admitted, upon their examination, that the plaintiffs only offered seven cents per pound ; but insisted that they sold upon the condition that the prices were not on the decline.

It was also in proof that, though the prices had actually advanced, the party purchasing was not aware of the fact at the time of the bargain; that he relied upon the newspaper report, and communicated all the information within his knowledge.

The defendants were witnesses, and did not deny that the purchaser referred to the Chicago *Times* as his authority as to the value.

The important inquiry was as to the character of the bargain.

In the varying condition of the market it is most unreasonable to assume that a trader would buy upon the condition supposed. His purchases would be wholly uncertain, and he would have no guide as to future contracts.

The jury have determined as to the truth of the respective statements, and we are not disposed to disturb their finding.

Error is assigned upon the second instruction given for appellees. It is as follows: " It is incumbent on the defendants, under the contract alleged in plaintiffs' declaration, to show an offer to perform, or some excuse for non-performance on their part, in order to excuse themselves from liability to pay damages, if the evidence shows that plaintiffs were ready and willing to perform their part of the contract."

This instruction is not liable to the objection that it assumes the existence of the contract, and in connection with other instructions it could not mislead the jury.

The instruction immediately preceding it in the series informed the jury that they must believe, from the evidence, that the parties contracted as set out in the declaration. It would then follow, as a matter of law, that the defendants must excuse their non-performance.

On behalf of appellants the court instructed the jury that appellees could not recover unless they had proved the contract, as alleged in their declaration, by a preponderance of evidence.

It is most improbable that the jury were confused by the instructions.

The judgment is affirmed.

*Judgment affirmed.*