WILLIAM BURNS V. JACOB MAHANNAH.

CONTRACT, *When Not Avoided by Misrepresentation.* A misrepresentation made by a purchaser to a seller, as to the market-price of an article of general commerce, to induce a sale more advantageous to the purchaser than he otherwise could have accomplished, and relied upon by the seller, will not avoid the contract of sale when there are no circumstances making it the special duty of the purchaser to communicate the knowledge he possesses of the state of the market, and none giving him peculiar means of ascertaining such market-price *Graffenstein v. Epstein,* 23 Kas. 443, cited, and approved.

*Error from Reno District Court.*

ACTION brought in the district court of Sedgwick county, by *Mahannah* against *Burns,* to recover damages for an alleged breach of a contract in writing for the sale of certain corn. A copy of the contract is as follows:

"UNION TOWNSHIP, Aug. 13, 1881.

"Contract made and entered into between Wm. Burns, of the first part, and J. Mahannah, of the second part: Wm. Burns, of the first part, agrees to sell his crop of corn for fifteen cents per bushel to J. Mahannah, of the second part. The crop to be averaged by L. B. Dotson and S. Corcal on or before the 1st day of Oct. 1881. The corn, if not dry enough to be measured, to be averaged.

WM. BURNS.

JACOB MAHANNAH.

"This contract made and entered into the 13th day of August, 1881, Sedgwick Co., Union township."

The plaintiff alleged that there were ninety acres of corn, averaging forty bushels per acre, and of the value of forty cents per bushel; that he had expended $200 in erecting cribs in which to put the corn, and which are useless for any other purpose; that he had paid defendant on the said contract $50 in cash, and given his note for $250, due October 1, 1881. The defendant in his answer alleged that the contract was obtained by fraud and misrepresentation in this: that the plaintiff had been to Wichita and had learned that there had been a sudden rise in the price of corn; that he at once went to

this defendant and sought to purchase his corn; that he represented to this defendant that he needed the corn for feed; that the price of corn at Wichita (which was their only market) was from 18 to 22 cents per bushel; that this defendant, wholly relying upon his representations, made the contract in question, and agreed to sell his corn at 15 cents; that plaintiff knew that defendant did not know of the sudden rise in corn, and also knew that this defendant was wholly relying upon his representations as to the price of corn in Wichita; that all the statements of plaintiff were wholly false, fraudulent, and made to deceive; that this defendant, ascertaining that he had been deceived, at once went to the plaintiff and tendered him the $50, which he had paid, and the note for $250, executed as aforesaid, and demanded of plaintiff that said contract be annulled, and that he be released from the obligations thereof. The defendant further stated, that he was ready to bring into court and tender to plaintiff the said sum of $50 and the said promissory note. The defendant prayed that said contract might be set aside and held for naught, and that he have judgment for his costs in this behalf expended.

The case was transferred to Reno county, and there tried by a jury at the December term, 1885, of the district court. Verdict for the plaintiff, for $683.60 damages; new trial denied the defendant, on the condition that the plaintiff would remit $138.60 of the verdict, which was agreed to; and thereupon the court rendered judgment for the plaintiff for $545, and costs. The defendant brings the case to this court.

*Whiteside & Gleason*, and *G. W. C. Jones*, for plaintiff in error.

Opinion by SIMPSON, C.: The motion for a new trial assigned two reasons for setting aside the verdict of the jury. One of these—that with reference to the verdict not being sustained by the evidence—comes within a rule that has been stated so often that its repetition has become monotonous; the other is for errors of law occurring at the trial. While there is some

general criticism as to some of the instructions given by the court, the vigorous fight is confined to the action of the court in refusing to allow the plaintiff in error to prove that corn had very suddenly advanced in price, on Thursday and Friday of October 12 and 13, 1881; and that the defendant in error knew that fact, and the plaintiff in error did not; and that the defendant in error had told the witnesses that he was going to buy the corn of the plaintiff in error. In the course of the examination of the plaintiff in error as a witness, he had testified that before he made the contract for the sale of corn, he had inquired of the defendant in error what the price of corn was at Wichita, his place of market, and had been told by the defendant in error that it was from 18 to 22 cents per bushel, and that in making the contract he had relied on that statement. Taking this statement of the plaintiff in error, together with the offer to prove the other facts, and they raise this question, stated in the strongest possible manner for the plaintiff, "whether a false and fraudulent statement or representation as to the market-price of a commodity of general commerce, made by a purchaser who knows, to a seller who does not know, to induce a sale more advantageous to a purchaser than he could otherwise get, the representation being relied on by the seller to his damage, avoids the contract of sale?" This question is answered in the negative by this court in the case of *Graffenstein v. Epstein,* 23 Kas. 443. This is a well-considered case, as shown by an elaborate opinion reviewing many authorities, and stating every phase of the question, and in our judgment is controlling as to the contention presented here. There is a remarkable similarity in the two cases: both hinge on the representation made by the purchaser to the seller, and the reliance of the seller on the truth of the statement as to the market-price of the commodity at the time the contract of sale was entered into, and the purchaser's knowledge of the advance in prices, and the seller's ignorance of it. This case clearly comes within the principle announced in the reported case, and that is sustained by the weight of current authority on the question.

We have considered this question as if the representations as to the market-price of the corn had been made by the defendant in error, as claimed by the plaintiff in error; but the jury evidently took the other view in arriving at their verdict, and this, eliminated from consideration, would leave only the ruling as to the offer to prove about the sudden rise in the price, that was known to the purchaser and not to the seller. But in any view to be taken on the state of facts recited in the record, we discover no material error that will justify reversal.

It is recommended that the judgment be affirmed.

By the Court: It is so ordered.

HORTON; C. J., and JOHNSTON, J., concurring.

VALENTINE, J., dissenting.