N. L. HART, *Plaintiff in Error,* v. E. L. MARBURY, AND W. W. BEALL, COPARTNERS AS MARBURY & BEALL, *Defendants in Error.*

## Opinion Filed October 24, 1921.

1. Where a valid contract of sale of a commodity for delivery at a time in the future at an agreed price is breached by the vendor, the measure of damages is the difference in price between what the vendee agreed to pay for the commodity and the market price at the time it was to have been delivered at the place of delivery.

2. The repudiation of a contract of sale by the vendor and refusal to deliver the thing sold gives to the vendee a right of action for the breach of the contract.

3. Representations made by the purchaser of a commodity to the vendor as to why the purchaser wished to buy the article, the probability of a decline in the market price at a later time, as to the reason why he is agreeing to pay a larger price than the market seems to justify, are not such representations as will justify an avoidance of the contract by the vendor upon discovering that they were untrue, where the relations of the parties were not of such a character as to require the exercise on the part of the vendee toward the vendor of a greater degree of good faith and fair dealing than he would be required to exercise in trading at arms length.

4. A mere statement of opinion, belief or expectation, although false or resting upon no information is not such a false representation as to constitute fraud when made or exchanged between persons trading as strangers for an article of personal property.

5. An averment in a plea to a declaration upon a contract of sale for its breach that the price which the vendee agreed to pay for the article was lower than the market price is not good as showing the plaintiff's misrepresentation or purpose to deceive.

A Writ of Error to the Circuit Court for Jackson County; C. L. Wilson, Judge.

Judgment affirmed.

*John H. Carter* and *Amos E. Lewis,* for Plaintiff in Error;

*Paul Carter,* for Defendants in Error.

ELLIS, J.—On the 1st of October, 1919, N. L. Hart and Marbury & Beall entered into a contract which was reduced to writing, signed by the parties and witnessed by one witness. The contract provided that Hart, by his agreement sold and agreed to deliver to Marbury & Beall 60,000 pounds of white Spanish peanuts to be grown on Hart's farm in Jackson County, the peanuts were to be picked, dry and sound and in good merchantable condition to be delivered in Malone, Florida, not later than November 15, 1919. It was further agreed that Marbury & Beall should pay to Hart the price of six cents per pound for the peanuts when they were delivered. It was mutually agreed that if suit should be brought upon the contract for a breach of it that the person so bringing the action might recover reasonable attorney's fees. It was further agreed that the title to the peanuts should pass to Marbury & Beall as soon as the peanuts matured.

On the 16th of October, about two weeks after the making of the above agreement, Hart renounced and repudiated the contract and informed Marbury & Beall that he would not deliver the peanuts.

Marbury & Beall then on the 17th day of October began an action against Hart in the Circuit Court for Jackson

County for damages for the breach of the contract. The declaration alleged that the parties had entered into the agreement as above recited and that the defendant, Hart, on the 16th day of October had repudiated the agreement and announced his intention not to deliver the peanuts under the agreement. The plaintiffs claimed damages in the sum of $1500. A second count was added in which it was alleged that the plaintiffs had delivered to Hart 595 sacks of the value of 25c each for the purpose of sacking the peanuts referred to in the contract and that the defendant had refused to return the sacks and the plaintiffs claimed damages on that account.

The defendant interposed three pleas. The first averred that the contract was without consideration to support it. The second averred that the defendant had rescinded and renounced the contract of which action the plaintiffs had been given notice before they had acted on the strength of it and that the contract was without consideration. The third plea was offered as a plea on equitable grounds and averred in substance that the contract was executed by the defendant upon false and deceitful representations "of the *defendant's* (plaintiffs'?) made to him" immediately before and at the time of the execution of the contract as to the "market price" of the peanuts. It was averred that the plaintiffs were "inexperienced buyers and familiar with the market prices and conditions" and that the defendant "being inexperienced and ignorant in relation thereto" which plaintiffs well knew. That the representations were made while the relation between the parties were friendly and close. It was averred that the misrepresentations made by the plaintiffs consisted of the following: that the price of 6c per pound was temporary only, that it was made for the purpose of supplying a special customer, that the price

would shortly be withdrawn as soon as the customer was supplied, that the peanuts would then sell at a lower market price, that the defendant would lose heavily if he did not contract for his entire crop. It was further averred that the defendant had no knowledge of "outside markets" that he trusted to the superior knowledge of the plaintiff, believed his representations and signed the contract.

A demurrer to these three pleas was sustained and the defendant was allowed to plead over. He interposed a plea to the declaration on the 21st of February, 1920. That plea is offered as a plea upon equitable grounds in which the same defense is offered as the former equitable plea in more words, but not more material averments. Some corrections were made in the phraseology of the plea. It was averred that the plaintiffs were "experienced buyers of peanuts and were familiar with the values and market conditions" while the defendant was "inexperienced and without information relative thereto," that the plaintiffs knew that fact and the representations made by them were made while close friendly relations existed between the plaintiffs and the defendant. That the defendant had been a customer of the plaintiffs "selling them his peanuts by the wagon load at his pleasure, at market prices as plaintiffs represented them to be for each sale and delivery." It was averred that the plaintiffs' representations were in respect to material facts and were in "effect" as follows: "that the price of 6 cents per pound, which plaintiffs had been and were then paying defendant for his peanuts before entering into said contract, was temporary only and that plaintiffs were able to pay said price only to supply a special customer for fancy trade in the State of Georgia and that this customer's order would soon be filled to completion and that after that the said price of 6 cents would

be withdrawn and the plaintiffs would then have to pay a lower price.'' It was also averred that the plaintiffs then represented and urged the defendant that as he had a large crop of nice peanuts it was to his interest to sell them all at that time at the price of 6 cents and that failing to do so the defendant would lose heavily on his crop. It was averred that the defendant not being in ''touch'' with the market and having no personal knowledge of ''outside prices'' or ''market conditions'' trusted to the integrity and superior knowledge of the plaintiffs and believed their representations to be true and relying thereon was induced to sign the contract. It was averred that the representations as to ''said price of 6 cents per pound being justified only on account of filling an order for a special customer for fancy trade in Georgia, who would soon be supplied, and that the price would thereafter drop below 6 cents and that the defendant would sustain heavy loss on his peanut crop if he did not ,then and there contract his entire crop at 6 cents mentioned'' were false and deceitful and known to be so by the plaintiffs at the time of making them.

It was further averred that the price of that particular commodity was ''rising rapidly'' with a strong demand for the commodity of which the plaintiffs knew and the defendant was ignorant and that by Nov. 15, 1919, the peanuts had advanced in price nearly 50%.

A demurrer to this plea was sustained and by leave of the Court on March 23rd, 1920, the defendant interposed another plea on equitable grounds in which it was averred that the ''defendants'' well knew that the representations were false and deceitful. The word ''defendants'' is probably an error but it appears in the plea as the same is copied into the transcript of the record. This plea con-

tained substantially the same averments as set forth in the other pleas and a demurrer to that plea was sustained.

The defendant then interposed a plea in which it was averred that the "plaintiffs have not been damaged as alleged." There was a trial upon the issue joined and the jury returned a verdict for the plaintiffs in the sum of $1000 and judgment was rendered against the defendant.

The defendant seeks to reverse that judgment here upon writ of error and assigns six errors. The first, second and third errors assigned rest upon the order of the Court sustaining the demurrer to the first, second and third pleas. The fourth assignment rests upon the order sustaining the demurrer to the plea on equitable grounds filed Feb. 21st, the fifth assignment rests upon the order sustaining the demurrer to the defendants second amended plea filed Mar. 23rd and the sixth assignment attacks the judgment.

The first assignment is abandoned, the second is sought to be justified upon the ground that the plea is in mitigation of damages and the demurrer to it should for that reason have been overruled. It is contended that in as much as the defendant had repudiated the contract before the plaintiffs "had acted upon the strength of it or changed their status in respect to it" that the plaintiffs were not entitled to recover at all for the defendants breach, that at most under such circumstances, the plaintiffs could recover only nominal damages. We do not agree with this construction of the plea. The contract was a valid sale of the commodity for delivery at a certain time and for an agreed price. The defendant breached the agreement and the plaintiffs' measure of damages is the difference in price between what he agreed to pay for the commodity and the market price at the time it was to have been delivered at the place of delivery. See 35 Cyc. 633.

The defendant's refusal to be bound by the agreement, his repudiation of it and refusal to deliver the goods gave to the plaintiffs a right of action for breach of the contract consisting in the failure of the seller to deliver the goods. The question is not raised as to whether the action was prematurely brought seeing that it was brought nearly one month prior to the date fixed in the contract for the delivery of the goods and as the question is not raised in the proceedings we will not determine it. The remaining assignments of error may be discussed together. They raise the validity of the plea offered as an equitable defense: Whether the alleged representations made by the plaintiffs as to the market price of the commodity bought, the reason why they were contracting for the purchase and the probability of a decline in price were such misrepresentations of fact as would constitute grounds for an avoidance of the contract is the question presented by the plea in its different forms. As to the reason given by the plaintiffs why they were enabled to offer the price they did offer for the commodity purchased, we are of the opinion that it was not a material circumstance affecting the judgment or the determination of the defendant as to whether he would or would not sell his product. A misrepresntation as to such fact therefore is not such a misrepresentation as would afford grounds for an avoidance of the contract, nor was the representation made by the plaintiffs concerning the stability of the price offered or the probability of a falling market or loss to the defendant, because they were mere matters of opinion and the relations of the parties were not shown to be of such character as to require the plaintiff to exercise toward the defendant a greater degree of good faith and fair dealing than they would be required to offer in trading with another at arms length. The mere fact that the defendant had sold his product to the plaintiffs at other

times and for the same price did not establish such relations between the parties as would require the plaintiffs to fully advise the defendant as to the market conditions or express their belief as to the possible fluctuations in the price of the product. A mere statement of opinion, belief or expectation, although false or resting upon no information is not such a false representation as to constitute fraud. So are representations in respect to the value of anything bought or sold. They are generally regarded as expressions of opinion and not as representations of fact and this applies as to the statements of market value. One party having no right to rely upon the representations of the other respecting the same. See Cronk v. Cole, 10 Ind. 485; Graffenstein v. Epstein & Co., 23 Kan. 433; Lilienthal v. Suffolk Brewing Co., 154 Mass. 185, 28 N. E. Rep. 151. It does not appear in the plea that the defendant did not have the means of ascertaining the market price. Representations of the plaintiffs regarding the market price are generally regarded as expressions of opinion. See Byrd v. Forceman, 62 Ill. 212; Burns v. Mahannah, 39 Kan. 87, 17 Pac. Rep. 319. ''The common law affords to everyone reasonable protection against fraud in dealing, but it does not go to the romantic length of giving indemnity against the consequences of indolence and folly or a careless indifference to the ordinary and accessible means of information.'' 2 Kent's Com. 484; 2 Parsons on Contracts (3rd Ed.) 270.

We regard the averments of the plea as to the plaintiffs' alleged misrepresentations to be merely the opinion of the plaintiffs as to the market price, value of the product, possible reduction in price and consequent loss to the defendant. These matters were not such existing material facts concerning which the plaintiffs' statements could be

stated as fraudulent representations. See Allen v. United Zinc Co., 64 Fla. 171, 60 South. Rep. 182; Riverside Inv. Co. v. Gibson, 67 Fla. 130, 64 South. Rep. 439; Florida Cigar & Tobacco Co. v. Baker & Holmes Co., 62 Fla. 487, 57 South. Rep. 174; Huffstetler v. Our Home Life Ins. Co., 67 Fla. 324, 65 South. Rep. 1. Even if the averred misrepresentation as to the market value constitutes a defense the plea was defective in that it fails to aver what the market price of the product was at the place of proposed delivery upon the date the parties entered into the contract for the purchase and sale of the commodity. A mere averment that the price offered by the plaintiffs was lower than the market price is not sufficient evidence of the plaintiffs' misrepresentation concerning it or the intention to deceive. See Florida Life Ins. Co. v. Dillon, 63 Fla. 140, 58 South. Rep. 643; Heathcote v. Fairbanks, Morse & Co., 60 Fla. 97, 53 South. Rep. 950; Hillsborough Grocery Co. v. Leman, 62 Fla. 208, 56 South. Rep. 684.

No error having been made to appear the judgment is hereby affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.