HENRY W. SMITH, *Appellant*, v. J. L. HOLLINGSWORTH AND A. P. HOLLINGSWORTH, *Appellees*.

## Opinion Filed April 18, 1923.

1. An allegation in a bill of complaint for an accounting against the agents of complainants, where they allege that the defendants, their agents, by misrepresentations and falsehoods misled the complainants to their injury and the defendants' pecuniary advantage, states sufficient ground for equitable relief.

2. Equity nor law will relieve against credulousness and inexcusable indifference to one's own interest in a transaction with another where one has no legal right to rely upon the statements and representations of such other person.

3. A mere statement of opinion or belief or expectation although false or resting upon no information is not such a false representation as to constitute fraud when made or exchanged between persons trading as strangers for an article of personal property.

4. The findings by the Chancellor on questions of fact will not be disturbed by an appellate court unless shown to be clearly erroneous.

An Appeal from the Circuit Court for DeSoto County; George W. Whitehurst, Judge.

Decree affirmed.

*A. B. McMullen* and *C. Edmund Worth,* for Appellant;

*Treadwell & Treadwell,* for Appellees.

ELLIS, J.—This is a suit by Henry W. Smith against J. L. and A. P. Hollingsworth to declare a trust in twenty acres of land, enjoin the negotiation by the defendants of certain promissory notes aggregating thirty-five thousand dollars which were delivered by the complainant to the defendants upon the conclusion of a certain sale described in the bill and for an accounting by the defendants and payment by them to the complainant of a certain sum of money alleged to have been fraudulently obtained by the defendants from the complainant in a certain transaction with third persons in which it was alleged the defendants acted for the complainant.

The transaction out of which this litigation grew, as described by the bill, was one in which the complainant became the purchaser through the Hollingsworths of a herd of cattle, forty acres of land and leases upon certain other lands; all belonging to W. W. and Martha F. Langford. The bill alleges that the defendants formerly owned the cattle and sold them to the Langfords who executed to the defendants a mortgage to secure a large part of the indebtedness due for the purchase price of the cattle; that the defendants represented to the complainant that the indebtedness was due and unpaid and that the Langfords were in a dispute as to the ownership of the cattle; that the defendants were dissatisfied with the situation and

offered to negotiate with the Langfords in complainant's behalf for the purchase of the properties, complainant to assume the indebtedness to the defendants less a cash payment of five thousand dollars to be made by complainant.

It is alleged that many misrepresentations were made by the defendants to the complainant as to the price at which the Langfords would sell, the number and value of the cattle on the range, the yearly calf tallies, the number of young and old steers and the number of beef cattle which the Langfords had sold; that the complainant employed the defendants to represent him and act as his agent and on his behalf in the purchase of the stock of cattle from the Langfords and for the fourteen hundred and ten acres, more or less, of "leases on grazing lands" and the fee simple title to forty acres of land in the "grazing range." It is alleged that the consideration which induced the defendants to act for the complainant in the transaction was the "benefits" which the defendants *"considered* that they would derive from the sale of the said cattle, lands and leases" to the complainant. For this consideration the defendants, so it is alleged, agreed to act for the complainant in the transaction, engage the services of a lawyer in Arcadia, and secure the conveyance to the complainant of the land described in the bill of complaint.

It is then alleged that the defendants violated their duty and ignored their obligations to the complainant by securing a conveyance to themselves of twenty acres of the forty acres of land included in the properties, that the properties were not worth the price which the defendants had represented them to be worth, namely: one hundred and five thousand dollars, but were worth only seventy thousand dollars and that the complainant relied upon and trusted the defendants, made no effort to verify any of their statements as to the number and value of the cattle

but accepted and relied upon the defendants' statements and representations, and paid to the defendants five thousand dollars in cash, thirty-five thousand dollars in promissory notes of certain third persons, and executed promissory notes in the sum of sixty-five thousand dollars, of which fifteen thousand nine hundred and thirteen and 60/100 dollars were payable to the defendants and the remainder to J. A. Timberlake, who represented the Langfords; that the complainant then gave mortgages to secure the payment of the notes for sixty-five thousand dollars upon the cattle and lands.

The relief which the complainant seeks is from the loss which he claims to have suffered by reason of the deceits and falsehoods, misrepresentations and frauds practiced upon him by his *alleged agents* in the transaction with the Langfords and by reason of which the said agents made great profits for themselves.

Such a condition as the bill alleges to have existed constitutes sufficient grounds for equitable relief in behalf of the complainant against his faithless and deceitful agents. See Sommers v. Apalachicola Northern R. Co., 75 Fla. 159, 78 South. Rep. 25.

If, however, the relation of principal and agent did not exist between the complainant and the defendants, but they were merely traders dealing with each other as such and, as has been said by way of illustrating the relation, "at arms length," there would exist no grounds for the complainant's suit. For neither law nor equity relieves against one's own credulousness and inexcusable indifference to one's own interest in a transaction where one has no legal right to rely upon the statements, representations and descriptions of another in the negotiation. See Glass et al. v. Craig et al. 83 Fla. 408, 91 South. Rep. 332.

The defendants answered the bill of complaint as amended in which they specifically and categorically denied that they "agreed to act or did act in behalf of said complainant as his representative in any manner pending said negotiations or the consummation thereof," etc. They admit that a mistake was made in the conveyance to them of the twenty acres of land mentioned in the bill and aver their readiness and willingness to convey it to the complainant. The defendants deny the charges of fraud, concealment, imposition and all improper conduct with which they are charged.

The complainant filed exceptions to portions of the answer for evasiveness, irresponsiveness and insufficiency. These exceptions were overruled except as to the defendant's failure to answer the interrogatories, these the defendants were ordered to answer within ten days.

The final decree ordered the defendants to convey to the complainant the twenty acres of land described in the bill, further relief was denied, the equities decided to be in favor of the defendants and the bill of complaint and amended bill were dismissed.

The issue was clearly presented on the question of agency. It was upon that alleged relation that the complainant based the relief for which he prayed. There was nothing in the nature or character of the transaction if the relation of principal and agent did not exist between complainant and defendant that gave to the complainant the right to rely upon the defendant's statements as either accurate or truthful. The evidence is ample to support the Chancellor's finding that the relation of principal and agent did not exist between the complainant and defendants and that as to representations concerning the num-

436      SUPREME COURT OF FLORIDA.

ber and value of the cattle on the range the complainant had full opportunity to verify.

There were no errors in the court's ruling upon the exceptions to the defendants' answer. The evidence fully revealed the relations between the parties. The answer averred what those relations were. The allegations of the bill and averments of the answer sufficiently presented the issue between the parties, which was simply whether there existed between them such fiduciary relations as required the defendants to act in the utmost of good faith in all representations and forbid the taking of profits for themselves, or whether the complainant should exercise the diligence and precaution that a prudent and careful man should exercise in trading with another.

A mere statement of opinion, belief, or expectation, although false or resting upon no information is not such a false representation as to constitute fraud when made or exchanged between persons trading as strangers for an article of personal property. See Hart v. Marbury, et al., 82 Fla. 317, 90 South. Rep. 173.

Upon the question of defendants' representations as to the actual number of cattle on the range the evidence was conflicting and we cannot say that the conclusion of the Chancellor was clearly erroneous. See Farrell v. Forest Inv. Co., 73 Fla. 191, 74 South. Rep. 216; Sarasota Ice, Fish & Power Co. v. Lyle & Co., 58 Fla. 517, 50 South. Rep. 993; Lucas v. Wade, 43 Fla. 419, 31 South. Rep. 231; Simpson v. First Nat. Bank of Pensacola, 74 Fla. 539, 77 South. Rep. 204.

The decree of the Chancellor is therefore affirmed.

TAYLOR, C. J., AND WHITFIELD, BROWNE AND WEST, J. J., concur.