**CAROLINA CASUALTY INSURANCE COMPANY, Plaintiff,**

v.

**Clyde W. ATKINSON, Defendant.**

**Civ. A. No. 632.**

United States District Court
N. D. Florida,
Tallahassee Division.

Dec. 13, 1957.

W. J. Oven, Jr., S. Gunter Toney, Tallahassee, Fla., for plaintiff.

Donald O. Hartwell, Tallahassee, Fla., for defendant.

DE VANE, Chief Judge.

Each party to this action has filed a motion for summary judgment, which has been extensively argued and briefed to the Court. Plaintiff relies on three theories of fraud for recovery in the case, viz., (1) actual fraud by misrepresentation at the time a supersedeas bond issued by plaintiff for Winston M. Reynolds, a convicted felon in this Court, was procured in October, 1954, (2) constructive fraud by failure to disclose material facts as to Reynolds' financial condition at the time the supersedeas bond was procured in 1954, and (3) constructive fraud by failure to disclose material facts concerning Reynolds at a conference in September, 1955, when plaintiff released defendant from his obligation under a certain indemnity contract, which will be more fully referred to later.

While admitting most of the facts contained in the complaint, defendant by his answer denies all the important allegations of actual fraud by misrepresentation at the time the supersedeas bond was procured in October, 1954. Both in oral argument and on brief counsel for the plaintiff waives the charges of actual fraud by misrepresentation and bases its case on constructive fraud, (2) and (3) above, and argues that upon these grounds or either of them, it is entitled to a summary judgment.

Counsel for defendant bottoms its motion for summary judgment on the ground that upon the pleadings and upon the depositions and affidavits filed in support thereof and in opposition thereto, plaintiff fails to state a cause of action entitling it to relief on any ground.

In disposing of these motions the Court finds it unnecessary to set out in this Memorandum-Decision all the underlying facts involved in this controversy. Only those that are material to a proper consideration of the motions for summary judgment are therefore delineated below.

The pleadings and evidence disclose that Claude High, an agent representing plaintiff in Florida, desiring to become a bonded agent, which would increase considerably his compensation as agent, entered into a partnership agreement with Robert Achor, Robert McLeroy and Clyde Atkinson under which they agreed to provide the necessary funds for High to secure a bonded agency representation of plaintiff in Florida and they authorized High to become Trustee for them and to bind them in all bonding negotiations with plaintiff. The agreement between them provided for a division of the compensation earned by High in his representation of plaintiff and $10,000 was advanced to High to enable him to enter into a general agency contract with plaintiff, which bears date of March 5, 1953. This contract is restricted to the writing of bail bonds in the State of Florida and plaintiff acknowledges the receipt of $10,000 from High as surety for its and his undertakings in the agreement.

Apparently everything went along smoothly between the parties until High, on his own initiative and clearly beyond the scope of the general agency contract, wrote four bonds for four Cubans charged with illegal entry into the United States in the Federal District Court for the Southern District of Texas. As soon as the Cubans obtained their freedom under the bonds, they returned to Cuba and failed to appear before the United States District Court and the bonds were estreated.

When plaintiff was called upon to do so and made good on these bonds, it immediately charged its loss against High as Trustee for himself and the other parties named above in the partnership agreement, sold the security in its possession to satisfy its claim and demanded of defendant and the other members of the partnership agreement the immediate payment of the balance due and the restoration of the deposit required under the agency agreement contract. Defendant Atkinson denied that he and his other associates were liable on this loss and threatened to bring suit against plaintiff for the recovery of the security deposit he and the others had placed with plaintiff to protect the High account.

This dispute led to a bitter controversy between the parties, which culminated in an agreement dated September 28, 1955, under which plaintiff agreed to cancel the general agency contract dated March 5, 1953, and release the other parties thereto, to retain High as its agent in Florida and to deduct from High's commissions a specified sum on each commission to be accumulated in a reserve to pay defendant and his associate Robert L. Achor not only for the loss they sustained by reason of the conversion of their deposit to take care of the Texas defaults, but to reimburse them for the additional sum which they agreed to pay in High's behalf on account of the balance of plaintiff's loss on the Texas bonds. This suit, it should be noted, is against defendant only and plaintiff seeks by it to set aside this release insofar as it is applicable to defendant on the grounds of fraud enumerated above and to hold the defendant liable for plaintiff's loss on account of a supersedeas bond it posted in the amount of $15,000 for the release of Winston Reynolds pending his appeal from a conviction and sentence in this Court for violations of the Wagering Act. Defendant is specifically charged with alleged fraud on the ground that defendant, having acted as a lawyer for Reynolds over a number of years, was fully familiar with all his shortcomings and his financial situation and failed to disclose these matters to plaintiff, either at the time the bond was executed or at the time the release agreement was executed.

The pleadings and evidence show that in December, 1953, Reynolds was charged with the violation of the gambling laws of the State of Florida and his bond in connection with these violations was fixed by the Circuit Court of Leon County, Florida, at $25,000. Plaintiff furnished this bond and Reynolds was subsequently tried on the state charges and acquitted. Defendant represented Reynolds in this state case. Shortly thereafter, an indictment was returned in this Court against Reynolds and this Court fixed his bond at $15,000. Reynolds secured other counsel to represent him in this Court and he and his new counsel secured bond elsewhere and plaintiff lost this business. Reynolds was convicted in this Court at the September, 1954, Term of Court and took an appeal therefrom to the Court of Appeals of the Fifth Circuit. This Court declined to release Reynolds on bond during the appeal for reasons stated at the time. Application for bond was then made to some Judge of the Court of Appeals and said Judge authorized Reynolds' release on a $15,000 bond and directed this Court to approve an appropriate bond for this amount. Plaintiff secured this business and wrote this bond.

After the Court of Appeals affirmed the judgment of conviction of this Court and certiorari was denied by the Supreme Court of the United States, and about the time the mandate came down to this Court from the Court of Appeals affirming the judgment of this Court, Reynolds disappeared and has never been apprehended. Plaintiff was called upon to pay this bond and did so, and it is this loss suffered by plaintiff that it now seeks to recover from defendant in this suit.

As to the alleged fraudulent misrepresentations made by defendant to plaintiff at the time the supersedeas bond was procured in October, 1954, all of which have been denied by defendant, this Court is, of course, in no position to express an opinion as to where the truth lies with reference to this allegation. However, the Court is in position to take these allegations into consideration along with the two constructive allegations of fraud charged against defendant and ascertain and determine whether a cause of action is stated in the complaint on which recovery could be obtained.

The Court has carefully considered all these allegations as set out in the complaint and is of the opinion that they as a whole and separately fail to state a cause of action upon which plaintiff could secure the relief here sought. The reasons supporting this decision appear to the Court to be obvious on their face.

Hart v. Marbury, 82 Fla. 317, 90 So. 173. Columbus Hotel Corporation v. Hotel Management Co., 116 Fla. 464, 156 So. 893. Sutton v. Gulf Life Insurance Co., 138 Fla. 692, 189 So. 828.

First, plaintiff alleges that defendant represented to him that Reynolds owned a valuable piece of property near Tallahassee in Leon County, Florida. The title to this property was not in Reynolds name and never had been in his name, although the property was reached by the judgment of this Court in a tax suit against Reynolds and sold in an effort to satisfy at least some of that judgment. The property was mortgaged and every mortgage was of record. The whole background with reference to this property was fully disclosed by the trial of the Reynolds case in this Court, which occurred before the execution of the supersedeas bond, and plaintiff is in no position to complain, if it is a fact as it alleges, that it had no knowledge of any of these material facts. High was its agent and High certainly knew them all, or most of them at least, and his knowledge is plaintiff's knowledge in that particular.

As to the claim plaintiff asserts in the complaint as to defendant's representation as to the wealth of Reynolds, the facts with reference to this issue were fully disclosed in the Reynolds criminal trial in this Court. The evidence showed that over several years prior to his conviction Reynolds had never engaged in a legitimate business that was not a losing proposition, and yet he lived on a scale that cost him more than $50,000 a year. He had few unsecured creditors, although on its face he had every tangible asset he claimed to own mortgaged to the limit. That the mortgages or any of them were fictitious was not disclosed to this Court in any proceeding ever brought before it affecting Reynolds; but it was known and made to appear that Reynolds had income from some source or savings in such amount that he lived well and spent money freely.

As to Reynolds' disappearance after he had lost his battle over his conviction in this Court, plaintiff is certainly in no position to charge defendant with any constructive fraud in his failure to notify plaintiff that Reynolds was likely to disappear if he lost his case. No one except this Court, so far as I know, ever suspected that Reynolds would file apprehension. I made the charge openly when I refused to allow him supersedeas bond, but the Court of Appeals gave no weight to my statement in that respect and I feel that it is my duty to accord to the defendant in this case the same right. Moreover, I am convinced by the pleadings and evidence in the case that defendant was probably more surprised than any one else when Reynolds disappeared.

Further touching upon the question of the financial condition of Reynolds at the time the general agency contract was surrendered on September 28, 1955, it is noted that on March 11, 1955, the Government filed a suit against Reynolds and others to recover more than $800,000 in taxes, penalties and interest, and on July 12, 1955, default and final judgment was entered against Reynolds for these taxes, penalties and interest. All this occurred prior to the date Reynolds disappeared and to the cancelation of the general agency contract, and to hold that plaintiff could shut its eyes to facts such as these when it canceled out its general agency contract would constitute a travesty on justice. Plaintiff had it within its power to surrender Reynolds to the United States Marshal had it desired to do so as soon as it canceled out the general agency contract. It must bear the loss for its failure so to do. Potakar v. Hurtak, Fla., 82 So.2d 502.

The motion for summary judgment filed by plaintiff will be denied and the motion for summary judgment filed by defendant will be granted. An appropriate order in conformity with this Memorandum-Decision will be entered herein.