PEARSON, Judge
(dissenting).
This is an appeal by the plaintiffs from a final order of dismissal in an action at law instituted to recover damages growing out of alleged fraud and deceit by defendants in negotiations and sale of real property. Without detailing the allegations of the complaint, it is my view that they are sufficient to require answer. The elements of common-law fraud appear from the facts alleged. See Wheeler v. Baars, 33 Fla. 696, 15 So. 584. These elements are applicable to the sale of land. Williams v. McFadden, 23 Fla. 143, 1 So. 618.
The appellee advances the argument that the dismissal of the cause of action may be sustained because the representations appear from the pleading to be a statement of the vendor which was tantamount to an estimate or opinion. See Williams v. McFadden, supra. Even if the representations are viewed as expressions of opinion, they would be governed by the principle that statements of a party having exclusive or superior knowledge may be regarded as statements of fact although they would be considered as opinion if the parties were dealing on equal terms. See cases cited at 14 Fla.Jur., Fraud and Deceit, §§ 14, 28; 10 F.L.P., Fraud and Deceit, § 3; 56 A.L.R. 429; cf. Stackpole v. Hancock, 40 Fla. 362, 24 So. 914, 918, 45 L.R.A. 814.
It is also suggested that the plaintiff revealed by his complaint that he was a victim of his own credulousness and failure to investigate. See Smith v. Hollingsworth, 85 Fla. 431, 96 So. 394. In this particular I am impressed by the allegation of the complaint that the defect lay “far below the surface of said land and at no place on said land was * * * visible or discoverable without excavation of said land.” If the allegation of the complaint is taken as true an aggravated trespass would have been necessary to discover the deception.
Having reached the conclusion that the plaintiffs’ complaint stated a cause of action I am impelled to respectfully dissent.