PER CURIAM.
The State appeals orders of the trial court granting appellees’ pre-trial motions to dismiss count II of the information on the ground that there were no material disputed facts and the undisputed facts did not establish a prima facie case. Fla.R. Crim.P. 3.190(c)(4). We affirm.
Appellees were charged with grand theft in violation of Section 812.014, Florida Statutes (1979). The basis for the charge was a purchase by law enforcement officers of one pound of white powder from a co-defendant. The officers believed they were purchasing cocaine based on the price and their understanding of the co-defendant’s representations. The powder was later found to be 100% lidocaine, a substance not controlled under Chapter 893, Fla.Stat. (1979). The State’s theory of prosecution was that there was a grand theft committed on a consumer fraud theory because the officers were led to believe they were buying cocaine but were sold lidocaine. The trial court specifically ruled that this theory of prosecution was not a valid charge.
Our review and our affirmance are limited to the facts in the motions and orders in this particular case. -The State withdrew its traverse to the motions. Therefore all facts in the motions, since not specifically denied by the State, are deemed admitted. Fla.R.Crim.P. 3.190(d).
A review of the facts of each appellee’s motion leads to the conclusion that the facts do not state a prima facie case of consumer fraud under the grand theft statute.
The theft statute in this situation is meant to vindicate the reasonable expectations of the consumer. It is not reasonable to expect to receive contraband, even when that is what has been promised, and it is not reasonable to expect the criminal laws of the state to enforce quality control in illegal drug transactions. Where the buyer consents to part with his money on the assumption that he is to receive cocaine, the “contract” between buyer and seller is already voided by the illegal and unenforceable nature of the proposed transaction.
The buyer is clearly on notice that the person he is dealing with is necessarily a criminal if he delivers, a liar if he doesn’t, or both. “.. . [N]either law nor equity relieves against one’s own credulousness and inexcusable indifference to one’s own interest in a transaction where one has no legal right to rely upon the statements, representation and descriptions of another in the negotiation.” Smith v. Hollings-worth, 85 Fla. 431, 434, 96 So. 394, 395 (1923). See Ramel v. Chasebrook Construction Company, 135 So.2d 876 (Fla. 2nd DCA 1961), and Morton v. Young, 311 So.2d 755 (Fla. 3rd DCA 1975).
AFFIRMED.
ERVIN, SHIVERS and WENTWORTH, JJ., concur.