## FORD *et al. v.* BLACKSHEAR MANUFACTURING CO.

1. While a trial judge may, within the restrictions prescribed by the Civil Code, § 5331, direct a verdict, this court will in no case reverse a judgment refusing to do so.

2. A ground of a motion for a new trial, complaining of the admission in evidence, over stated objections of the movants, of certain documents which are neither set out literally or in substance in the motion nor attached thereto as exhibits properly identified, but are merely referred to in the motion in general terms as being "fully set out in the brief of evidence accompanying this motion," presents no question for adjudication.

3. If a wife, having an equitable title to land to which a deed is taken in the name of her husband, permits him to hold the property and use it in his business and commercial transactions for the purpose of obtaining credit, and a third person, without notice of the equity, extends

credit to the husband on the faith that the land is his, the wife, after the creditor has reduced his debt to judgment, will be estopped from asserting title to the land as against the lien of the judgment, although before rendition of the judgment the husband, in recognition of the equity, may have conveyed the land to her.

4. Where a creditor who holds a promissory note for the purchase-price of goods reduces it to judgment, after a subsequent discharge of the debtor in bankruptcy the creditor can not enforce an execution based on such judgment against property of the debtor acquired after such discharge.

(a) Whether or not such a creditor might have a right to enforce, by appropriate proceedings, a liability for obtaining property by false pretenses or false representations, such is not the nature of the present case. It is an effort to enforce the liability based on contract.

(b) Under one phase of the evidence, the charge was erroneous in that it excluded from consideration the principle above announced.

(c) The error does not affect the whole case; and in reversing the judgment direction is given in regard to restricting the issues on another trial.

(d) The evidence authorized the verdict in so far as it found certain portions of the property subject to the plaintiff's fi. fas.

OCTOBER 4, 1913.

Claim. Before Judge Thomas. Tift superior court. January 18, 1912.

On July 4th, 1906, the Blackshear Manufacturing Company obtained several personal judgments against J. H. Ford. During the same month separate executions based on the several judgments were issued. On November 19th, 1906, J. H. Ford, on his voluntary petition, was adjudicated a bankrupt, and on the 15th day of June, 1909, he obtained in the court of bankruptcy a judgment discharging him from all debts and claims provable under the bankruptcy act against his estate, which existed at the time he was adjudicated a bankrupt. On July 29th, 1910, the executions above mentioned were levied on a tract of land comprising a farm, and also on several separate lots in the town of Ty Ty, Georgia. Thereafter further proceedings under the executions were arrested by interposition of a claim by J. H. Ford in his own right and as agent for five other persons designated by name and declared to be sui juris. The claim affidavit specified that J. H. Ford claimed one undivided sixth interest acquired after his discharge in bankruptcy, and that the other claimants were owners of the remaining five-sixths interest. On the trial of the claim case a verdict was returned finding all of the town lots subject, and one undivided sixth interest in the farm subject, and the five-sixths interest in

the farm not subject. Claimants made a motion for a new trial, and excepted to the judgment denying the motion. The other material facts appear in the opinion.

*J. J. Forehand & Son* and *J. B. Williamson,* for plaintiffs in error.

*C. W. Fulwood* and *Wilson, Bennett & Lambdin,* contra.

ATKINSON, J. 1. One ground of the motion for a new trial complains that the court refused, on motion, to direct a verdict in favor of the claimants. While a trial judge may, within the restrictions prescribed by the Civil Code, § 5331, direct a verdict, this court will in no case reverse a judgment refusing to do so. *Green* v. *Scurry,* 134 *Ga.* 482 (68 S. E. 77).

2. Complaint was made, in another ground, of a ruling of the judge admitting in evidence, over appropriate objections, a designated "commercial report" of the "financial condition of J. H. Ford, the defendant in fi. fa." It was alleged that the report was fully set out in the brief of evidence; but neither in form nor in substance was the document set out in the ground of the motion for new trial, by exhibit or otherwise. Under these circumstances, this ground of the motion was incomplete within itself, and insufficient to present any question for decision. *Roberts* v. *Devane,* 129 *Ga.* 604 (59 S. E. 289).

3. J. H. Ford was the defendant in fi. fa.; but no question was raised as to his right to interpose a claim, or as to the remedy in any respect. For title the claimants relied in part on a deed executed by J. H. Ford to Mrs. S. D. Ford, his wife. This was attacked by the plaintiff as fraudulent on the ground that it was a mere conveyance without consideration, to defeat creditors. To meet this attack the claimants introduced evidence tending to show that the property was purchased with money of the wife, that legal title was taken in the name of the husband by mistake, and that before the plaintiff's judgment was obtained the husband had executed a deed to the wife in recognition of her equitable title. In reply the plaintiff introduced further evidence; and contended, that if the money of the wife paid for the land, she permitted her husband to hold the legal title thereto and use it in his business and commercial transactions for the purpose of obtaining credit; that the plaintiff, without notice of any equity of the wife, and on the faith that the property belonged to the husband, ex-

tended credit to the latter, thereby creating the debt on which the judgment was based; and that under such circumstances the title of the wife could not be asserted against the plaintiff's judgment. Concerning these contentions the judge delivered a concrete charge instructing the jury in effect that if they should find that the deed was based on a valuable consideration and not made by the husband to defeat his creditors, or, if he had such intention, the intent was not disclosed to the wife, the verdict should be for the claimants, unless they should further find that although the wife was the owner of the land she nevertheless permitted the husband to hold the same in his own name as a basis for credit in the conduct of his business and commercial transactions, and the plaintiff, without notice that she was the owner, extended the husband credit on the faith that his apparent ownership was real, in which latter event the property should be held subject. The claimants excepted to the charge on account of the qualification contained in the last part, urging as ground for exception that as, under the undisputed evidence, the husband had executed the deed to the wife before the plaintiff obtained judgment, and assuming the deed to have been executed in good faith and upon a valuable consideration, as hypothesized by the judge in his charge, the wife thereby acquired legal title, which would prevail in the contest with the judgment creditor. There was no exception on the ground that the charge was otherwise contrary to the evidence. Under this criticism of the charge, the question is not one of mere comparison of equities between the judgment creditor and the person holding the equitable title. Some of the cases in this State on that subject are: *Reed* v. *Holbrook,* 123 *Ga.* 781 (51 S. E. 720); *Roberts* v. *Devane,* 129 *Ga.* 604 (5), 605 (59 S. E. 289); *Kennedy* v. *Lee,* 72 *Ga.* 39; *Gorman* v. *Wood,* 68 *Ga.* 524; *Zimmer* v. *Dansby,* 56 *Ga.* 79; *Dill* v. *Hamilton,* 118 *Ga.* 209 (44 S. E. 989). But the competition is between a judgment creditor and one claiming legal title to the property, the latter holding under a deed executed by the defendant before judgment was rendered against him, the deed having been executed in recognition of a pre-existing equitable title in the grantee, arising from the fact that the money of the latter was paid for the land, while the legal title was taken in the name of the grantor. Cases in which the competition was of this character are: *Hunt* v. *Doyal,* 128 *Ga.* 416 (57 S. E. 489); *Bell* v. *Stewart,*

43

98 *Ga.* 669 (27 S. E. 153) ; *Dodd* v. *Bond,* 88 *Ga.* 355 (14 S. E. 581). Under the principle of the cases last cited, the property would not be subject to the judgment if there were nothing more than the extension of credit by the creditor on the faith that the property which was apparently that of the debtor really belonged to the wife. But if, among other things, it further appeared, in addition to the extension of credit under the circumstances enumerated, that the conduct of the person holding the equity tended to induce third persons erroneously to believe that the property was in fact the property of the husband, as it appeared to be, and the creditor, upon the faith of the property being that of the husband, and without notice of the outstanding secret equity, extended credit to the husband, and thereby suffered loss, the holder of the title would be estopped from asserting it against the judgment obtained by the creditor. This is the doctrine of the Civil Code, § 4419, and is recognized in the cases last above cited. See also 5 Bigelow on Estoppel (6th ed.), 624. The portion of the charge excepted to did no more than apply the doctrine of equitable estoppel. In substance it merely informed the jury that a wife could not place her property in the name of her husband to be used by him for the purpose of obtaining credit in his business or commercial transactions, and, after he had induced a third person, without notice of her equity, to make advancements to him on the faith that the property was his own, then take back the property from the husband, leaving the debt unsatisfied. As the estoppel is based on the acts and conduct of the wife in aiding her husband to procure credit, it would be operative against the legal as well as the equitable estate. The question as to whether in fact the property was bought with the money of the wife and the title taken in the name of the husband, or whether it was the property of the husband and was conveyed to the wife for the purpose of delaying or defrauding creditors, was also involved in the case and was submitted to the jury by the judge in his charge, and no exception was taken.

4. The court further instructed the jury: "If you should believe from the evidence that the defendant, J. H. Ford, now one of the claimants, represented the property as belonging to him, and that upon the faith of his apparent ownership the plaintiff in fi. fa. extended credit to him, but that his deceased wife's money paid for the property and that it therefore belonged to her, and

that under the circumstances in the case the deceased wife would not be estopped from setting up her title to the property, but that defendant represented said property as belonging to him as a basis of credit from the plaintiff aforesaid, it would then be your duty, should you so believe, to find the interest of the claimant J. H. Ford subject, although the interest of the other claimants would not be subject." The plaintiff obtained several judgments against J. H. Ford in suits upon promissory notes given to cover the purchase-price of certain fertilizers which had been sold to him by plaintiff on open account. Before judgment the defendant held title to the land in dispute, and made conveyance under circumstances discussed in the third division of this opinion. More than four months after judgment the defendant was adjudicated a bankrupt and discharged in bankruptcy. The plaintiff's judgments were duly scheduled in the petition in bankruptcy. Subsequently to the adjudication in bankruptcy the defendant's wife, to whom he had conveyed the property before that adjudication, died, leaving J. H. Ford as one among her six heirs at law. It was by virtue of being such heir at law that J. H. Ford claimed one undivided sixth interest in the property in dispute, and upon such basis he insisted that it was acquired after the discharge in bankruptcy, and was never affected by plaintiff's judgments. The evidence did not demand a verdict against the contention that it was after-acquired property; and the plaintiff contended that, conceding it to be such, it was subject to the lien of the judgments, because the debt on which the judgments were based was a liability for obtaining property under false pretenses and false representations, and therefore was included in exception two, or exception four, of paragraph 17(a) of the bankruptcy act of 1898, as amended by the act of 1903. The charge quoted above seems to have adopted the view of the plaintiff on this subject, and to have affected the verdict, which was in favor of the remaining heirs at law of Mrs. Ford, relatively to the farm tract, but found J. H. Ford's interest subject. The town lots stood on a different footing, as there was no evidence to show an implied trust in Mrs. Ford relatively to them, it only being contended by claimants, according to the testimony of J. H. Ford, that she loaned him the money with which to pay for them, and that he bought the property and took the deeds in his own name. The entire interest in the town lots was found subject. Error was

assigned upon the charge above quoted, upon the ground that it excluded from consideration claimants' contention that the sixth interest claimed by J. H. Ford was after-acquired property and unaffected by the plaintiff's judgments as above stated. Error was also assigned upon a refusal of a request to charge, embodying the same question. They need not be treated separately.

The plaintiff's debt was provable in bankruptcy under section 63(*a*) of the bankruptcy act of 1898 (30 Stat. 562, 1 Fed. Stat. Ann. Supp. 1912, p. 753), and dischargeable under section 17(*a*) of the act as amended by the act of 1903 (32 Stat. 798, 1 Fed. Stat. Ann. Supp. 1912, p. 573); Tindle *v.* Birkett, 205 U. S. 183 (27 Sup. Ct. 493, 51 L. ed. 762, and citations), unless it fell within one of the exceptions therein set forth. It was contended by counsel for the plaintiff that it fell within exception four or exception two. The debt had no reference to fraud, etc., while Ford was "acting as an officer or in any fiduciary capacity," and could not be included in exception four. *Tatum* v. *Leigh,* 136 *Ga.* 791 (6), 792 (72 S. E. 236, 25 Ann. Cas. (1912D), 216). Did it fall within exception two of section 17(*a*) of the act as amended? Before amendment that provision of the act excepted provable debts, except judgments in actions for fraud or obtaining property by false representations or false pretenses. This contemplated judgments based on no less than actual fraud. *Moody* v. *Muscogee Mfg. Co.,* 134 *Ga.* 721 (4), 733 (68 S. E. 604, 20 Ann. Cas. 301); Forsyth *v.* Vehmeyer, 177 U. S. 177 (20 Sup. Ct. 623, 44 L. ed. 723). In the latter case it was held: "A representation as to a fact, made knowingly, falsely, and fraudulently, for the purpose of obtaining money from another, and by means of which such money is obtained, creates a debt by means of a fraud involving moral turpitude and intentional wrong, and such debt is not discharged by a discharge in bankruptcy." The case before the court was a suit upon a judgment. The State court had ruled that the action was for the tort; and in rendering the decision the Supreme Court declared: "Where the State court has decided that the action was for fraud and deceit, and has held that in order to have maintained such action the fraud must have been proved as laid in the declaration, it must be assumed that the verdict and judgment in that action were obtained only upon proof and a finding by the jury of the fact of the fraud." In Tindle *v.* Birkett, supra, it was held:

"Where a claim is founded upon an open account, or upon a contract express or implied, and can be proved under § 63 (a) of the bankruptcy act, if the claimant chooses to waive the tort and take his place with the other creditors, the claim is one provable under the act, and barred by the discharge." Since the amendment of 1903 it has been held that proof of a claim in bankruptcy as one upon contract, and participation in the distribution arising from a composition with creditors, is not a bar to an action for deceit in obtaining on credit, by false reports to a commercial agency, the goods the price of which formed the basis of such claim. Friend v. Talcott, 228 U. S. 27 (33 Sup. Ct. 505). These cases, and many others which might be cited, in determining whether a debt falls within the exceptions enumerated in section 17 (a), generally consider whether the action was for the tort or on the contract. On general principles, where transactions partake of the nature both of tort and of contract, the party injured may waive the tort and sue on the contract. In Tindle v. Birkett, supra, where the injured person sued on the contract rather than on the tort, it was held that the judgment rendered in such case was not for the fraud, and did not fall within one of the exceptions. The amendment of 1903 was in the interest of creditors; it displaced the words, "judgments in actions for fraud or," and substituted the words, "liabilities for." The exception before amendment discharged the bankrupt from all his provable debts except such as "are judgments in actions for fraud or obtaining property by false representations, or for wilful and malicious injuries to the person or property of another." After amendment it discharged the bankrupt from all provable debts except such as "are liabilities for obtaining property by false pretenses or false representations, or for wilful and malicious injuries to the person or property of another, or for alimony due or to become due, or for maintenance or support of wife or child, or for seduction of an unmarried female, or for criminal conversation." Under the amendment, in order to bring existing debts within the exception which would prevent it from being discharged, it was no longer necessary that it should be a judgment for fraud, but it would fall within the exception if it were a liability for obtaining property under false pretenses and false representations, which in law would amount to actual fraud. The plaintiff's judgment is founded on contract. Where, instead of

enforcing the liability based on fraud, the creditor still insists on enforcing a judgment on the contract, as to after-acquired property the debtor's discharge in bankruptcy is effective. The judge committed error in. his charge above set forth, in that it excluded from the consideration of the jury that part of the claimant's case referred to in his assignment of error, and also in failing to give appropriate instructions on the subject. The error, however, could not affect the verdict relatively to the town lots; and in reversing the judgment, direction is given that upon another trial the issues be restricted to the farm property. The evidence authorized the verdict relatively to the other property in dispute.

*Judgment reversed, with direction. All the Justices concur.*