### 18169.  DONNELLY COMPANY v. MILLIGAN.

A discharge in bankruptcy does not release a bankrupt from liability for *obtaining* property by false pretenses or false representations.

Where, as in this case, in testing, as against a general demurrer, a petition in an action on an account, its allegations show that the account sued on consisted of unusual and extraordinary purchases of groceries, very greatly in excess of any possible reasonable needs of the defendant, and made on the eve of bankruptcy and when he was aware of his insolvency and his inability to pay for them, and that the goods were bought in contemplation of fraudulent bankruptcy, it can not be held that the alleged facts show such an ordinary relation of debtor and creditor as would take from the jury the consideration of the question of fraud.

The petition not being subject to general demurrer, though subject to the special demurrer, and the judge having sustained both the special and the general demurrer, without giving the plaintiff an opportunity to amend, the judgment is reversed.

DECIDED DECEMBER 15, 1927.

Complaint; from city court of Macon—Judge Hall.   April 25, 1927.

*John J. McCreary,* for plaintiff.

*Jackson & Jackson,* for defendant.

JENKINS, P. J.   1.   A discharge in bankruptcy does not release a bankrupt from liability for obtaining property by false pretenses or false representations. *Orr Shoe Co.* v. *Upshaw,* 13 *Ga. App.* 501 (2) (79 S. E. 362); *Brandt* v. *Klement,* 20 *Ga. App.* 664 (93 S. E. 255).   False representations may consist in the purchas-

---

Appeal and Error, 4 C. J. p. 747, n. 42; p. 1165, n. 47, 50.
Bankruptcy, 7 C. J. p. 400, n. 23; p. 417, n. 88.

ing of goods with no present purpose of paying for them, and in contemplation of a fraudulent insolvency, and ordinarily it is a question for the jury to determine from the evidence whether the circumstances adduced, even though they be slight, are sufficient to carry conviction of the existence of such fraud. *Atlanta Skirt Mfg. Co.* v. *Jacobs,* 8 *Ga. App.* 299 (2) (68 S. E. 1077). While it has been held that the mere fact that a defendant procured credit for an ordinary current purchase of goods, and subsequently failed to meet his obligation, 34 days prior to voluntarily going into bankruptcy, was not of and within itself sufficient to establish that he purchased the goods with no present intention of paying therefor, but in contemplation of a fraudulent insolvency, since ordinarily the breach of a promise to perform some act in the future, especially a promise to pay money, is not, of and within itself, sufficient to establish fraud in legal acceptation (*Brooks* v. *Pitts,* 24 *Ga. App.* 386, 100 S. E. 776), still where, as here, in testing a petition as against general demurrer, its allegations show that the account sued on consisted of unusual and extraordinary purchases of groceries, very greatly in excess of any possible reasonable needs of the defendant, and made on the "very eve of bankruptcy," while the purchaser was aware of his insolvency, and of his inability to pay therefor, and that the goods were bought in contemplation of a fraudulent bankruptcy, it can not be said that the facts alleged set forth such an ordinary relation of debtor and creditor as would take from the consideration, of the jury the question of fraud.

2. "When a demurrer containing several grounds (some of the grounds being directed to the merits, and some special in their nature) is sustained and the petition is dismissed, there is no presumption that the ruling was based upon the special grounds of the demurrer rather than upon the general, but the judgment will be treated as sustaining the demurrer as a whole and upon all of the grounds therein contained, and the judgment of dismissal will be affirmed, if this judgment was right for any reason which was presented by the general demurrer." *Pennington* v. *Douglas &c. Railway Co.,* 3 *Ga. App.* 665 (60 S. E. 485). In the instant case the petition was subject to special demurrer, but not subject to dismissal on general demurrer. In such a case,—that is, where the court sustains both general and special demurrers and dis-

misses the action, but without giving the plaintiff opportunity to amend,—the judgment will be reversed if it appears that the general demurrer was improperly sustained. The proper judgment on a special demurrer, going only to the meagerness of the allegations, is not a peremptory judgment of dismissal, but a judgment requiring the plaintiff to amend and to make his petition more certain in the particulars wherein he has been delinquent. *McSwain* v. *Edge,* 6 *Ga. App.* 9 (2) (64 S. E. 116). Whether upon the petition being amended to meet the special demurrers it will then appear to set forth a cause of action, must be left for further action in the trial court.

*Judgment reversed. Stephens and Bell, JJ., concur.*