## 18924. SYMMES *v.* ROLLINS.

JENKINS, P. J. 1. A discharge in bankruptcy releases the bankrupt from all his provable debts, "except such as . . are liabilities for obtaining property by false pretenses." Bankruptcy Act, § 17 (11 U. S. C. A. § 35).

2. Where a contract is induced by the actual, moral fraud of one of the parties, his liability for property obtained under the contract may be enforced according to the terms of the contract, or the defrauded party may waive the contract and sue in tort for damages on account of the fraud. In the first event the liability of the debtor under the terms of the contract itself is a contractual liability, and a discharge in bankruptcy releases him therefrom. *Ford* v. *Blackshear Mfg. Co.,* 140 *Ga.* 670 (4) (79 S. E. 576); Sanger *v.* Barrett (Tex. Civ. App.), 221 S. W. 1087. In the latter event the liability of the debtor is one arising in tort, for property obtained by false pretenses, and a discharge in bankruptcy does not release him therefrom. *Donnelly Co.* v. *Milligan,* 37 *Ga. App.* 530 (140 S. E. 918).

3. "The acceptance of a note from one who procures a sum of money by fraud, as an evidence of the debt thereby created, after the fraud had been discovered, does not take the debt out of the operation of this section, and, in a suit on the note, if the defendant pleads a discharge in bankruptcy, the plaintiff may set up fraud in his reply." Collier on Bankruptcy (13 ed.), 616; Argall *v.* Jacobs, 87 N. Y. 110 (41 Am. Rep. 357); Gregory *v.* Williams, 106 Kan. 819 (189 Pac. 932). In such a case the giving of the note does not amount to a settlement of the fraud, but is merely an acknowledgment of the tortious liability of the maker of the note, and evidence of the debt thereby created.

4. In this case, where the proof showed that the defendant had obtained from the plaintiff, pending an engagement to marry, various sums of money which she testified were advanced to him because of the engagement to marry and because of her belief in his expressed purpose and intent to marry her, the fact that upon discovering his intention not to carry out his contract to marry, and upon his "renouncing all marriage," she took from him promissory notes for the amount of money he had obtained from her, did not convert his liability for obtaining property by false pretenses into a contractual liability, so that a suit upon the notes amounted to a waiver of the tort.

5. There was proof from which the jury might have found that the sum sued for was obtained by the defendant from the plaintiff by falsely representing his intention to marry her, when in fact he had no such intention, and it was error for the court to grant a nonsuit.

6. Under the ruling of the Supreme Court in *Taylor* v. *McKee,* 118 *Ga.* 874 (2) (45 S. E. 672), the court did not err in rejecting the proffered excerpt from the judicial records of a foreign State, since the certificate of the judge thereto failed to show that he presided in the court from which the record came.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED DECEMBER 13, 1928.

*Poole & Fraser,* for plaintiff.

*William Schley Howard, E. G. Jackson,* for defendant.