18951. MUMFORD *v.* MECHANICS LOAN & SAVINGS COMPANY.

JENKINS, P. J. "Where a contract is induced by the actual, moral fraud
of one of the parties, his liability for property obtained under the con-
tract may be enforced according to the terms of the contract, or the
defrauded party may waive the contract and sue in tort for the dam-
ages sustained on account of the fraud. In the first event, the liability
of the debtor under the terms of the contract itself is a contractual
liability, and a discharge in bankruptcy releases him therefrom. *Ford
v. Blackshear Mfg. Co.*, 140 *Ga.* 670 (4) (79 S. E. 576) ; Sanger *v.*
Barrett (Tex. Civ. App.), 221 S. W. 1087. In the latter event, the
liability of the debtor is one arising in tort, for property obtained by
false pretenses, and a discharge in bankruptcy does not release him
therefrom. *Donnelly Co. v. Milligan*, 37 *Ga. App.* 530 (140 S. E. 918)."

*Symmes* v. *Rollins*, 39 *Ga. App.* 53 (146 S. E. 42). This being a suit on a contract which it is alleged was induced by the defendant's fraudulent misrepresentations, in which the plaintiff sought to recover interest and attorney's fees as provided by the contract, the case comes within the rule announced in *Ford* v. *Blackshear*, supra. The defendant's plea of discharge in bankruptcy should have been sustained, and the verdict in favor of the plaintiff was not authorized. Accordingly, the judge of the superior court erred in overruling the defendant's petition for certiorari.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED JANUARY 22, 1929.

REHEARING DENIED FEBRUARY 20, 1929.

*Charles W. Anderson,* for plaintiff in error.

*Burress & Dillard,* contra.