19346. SPEIR *et al. v.* WESTMORELAND.

JENKINS, P. J. 1. A discharge in bankruptcy does not release a bankrupt from "liabilities for obtaining property by false pretenses." Bankruptcy act, § 17; 11 U.S.C.A., § 35. Where the principal stockholders of an insolvent corporation induced another to exchange valuable realty for capital stock in the corporation, by false and fraudulent representations as to the solvency of the corporation, and as to the purposes incident to corporate use to which the property was to be put, and by personally agreeing to reimburse the owner in the amount of the purchase-price of the property if he should so desire within a period of twelve months, the principal stockholders so inducing the owner to part with his property come within the exception to the act which provides for the release of all provable debts except such as are liabilities for obtaining property by false pretenses.

2. "Where a contract is induced by the actual, moral fraud of one of the parties, his liability for property obtained under the contract may be enforced according to the terms of the contract, or the defrauded party may waive the contract and sue in tort for damages on account of the fraud. In the first event the liability of the debtor under the terms of the contract itself is a contractual liability, and a discharge in bankruptcy releases him therefrom. *Ford* v. *Blackshear Mfg. Co.*, 140 *Ga.* 670 (4) (79 S. E. 576); Sanger *v.* Barrett (Tex. Civ. App.), 221 S. W. 1087. In the latter event the liability of the debtor is one arising in tort, for property obtained by false pretenses, and a discharge in bankruptcy does not release him therefrom. *Donnelly Co.* v. *Milligan,* 37 *Ga. App.* 530 (140 S. E. 918)." *Symmes* v. *Rollins,* 39 *Ga. App.* 53 (146 S. E. 42).

3. While, as a general rule, allegations of fact are to be construed most strongly against the pleader, yet, in the absence of special demurrer, where the facts alleged in a petition are such as would be proper and adequate to support one form of action, but inadequate, although appropriate, to another form of action, and where the petition is ambiguous to the extent that the pleader's intention is not clearly manifest as to which form of action is relied upon, the courts, in endeavoring to ascertain the plaintiff's intention, will prima facie presume that his purpose was to serve his best interest, and will construe the pleadings so as to uphold and not to defeat the action. *Stoddard* v. *Campbell,* 27 *Ga. App.* 363 (3) (108 S. E. 311), and cit.

4. There being no special demurrer in the instant case, and the petition having not only set forth the agreement by which the defendants had become liable to reimburse the plaintiff, but having further set forth the alleged false and fraudulent misrepresentations by which the plaintiff

was induced to part with his property and enter upon the contract of purchase and sale, as well as the contract for reimbursement, it was susceptible to the interpretation that it was founded in tort for damages on account of the false and fraudulent misrepresentations of the defendants set forth, and, consequently, the court did not err in overruling the general demurrer interposed thereto. See *Moody* v. *Muscogee Mfg. Co.*, 134 *Ga.* 721 (4) (68 S. E. 604, 20 Ann. Cas. 301).

5. In this suit, construing it as an action ex delicto for damages on account of the plaintiff's having been fraudulently induced to part with realty valued by the parties at $15,000, and which the defendants had agreed to value at $15,000 in the event the plaintiff desired to surrender to them the corporate stock exchanged for the property, there was no issue involved as to the amount of the damages in the event it should be determined that the plaintiff had been fraudulently deprived of his property. The judge fully, clearly, and distinctly set forth in his instructions that in order for the plaintiff to recover, the burden was upon him to prove that he had been induced to part with his property by virtue of such false and fraudulent misrepresentations. This being the issue, and the only issue, which the jury were called to pass upon, the fact that the judge in his charge might have erroneously referred to the fraud as preventing the discharge in bankruptcy of the defendants from releasing them from their contractual liability could not have been harmful to the rights of the defendants, since they were correctly instructed with reference to their dealings with the only issue involved, and the liability of the defendants, either under the contract or in tort, was precisely the same.

6. The court did not err in admitting, over the objection of the defendants, the testimony of the plaintiff as to declarations made to him by the agent of the defendants in their presence, and as to declarations made by such agent out of the presence of the defendants, there being testimony that the substance of such latter declarations was communicated to the defendants and assented to by them. Nor was it error to admit in evidence, over objection, the testimony of the plaintiff as to a conversation with one of the defendants, during the negotiations, as to the corporate use to which it was intended the property conveyed by the plaintiff would be put.

7. "Direct testimony as to market value is in the nature of opinion evidence. One need not be an expert or dealer in the article, but may testify as to value, if he has had an opportunity for forming a correct opinion." Civil Code (1910), § 5875; *Walton County Bank* v. *Stanton*, 38 *Ga. App.* 591, 595 (12) (144 S. E. 815). Accordingly, the court did not err in admitting the testimony of the plaintiff that he had investigated the value of the corporate stock issued to him for his property, and had reached the conclusion that it was absolutely worthless at the time it was so issued to him.

8. The evidence authorized the finding of the jury in favor of the plaintiff, and for no reason assigned can it be here set aside.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED AUGUST 24, 1929.

304

*Clarence Calhoun, Winfield P. Jones,* for plaintiffs in error.
*John L. Westmoreland, Troutman & Troutman,* contra.