### 21469. DANIEL MILLER COMPANY *v.* SAGGUS.

BROYLES, C. J. 1. In an action for damages based upon alleged deceit in obtaining from the plaintiff goods by means of false written representations as to his financial responsibility, the action is not barred by the facts that the defendant had theretofore procured his discharge in bankruptcy, and that in the bankruptcy proceedings the plaintiff in the instant action proved his claim for the same goods here involved, and that on confirmation of a composition with the bankrupt he received dividends thereon. Talcott *v.* Friend, 179 Fed, 676, 43 L. R. A. (N. S.) 649, 24 Am. Bk. R. 708; Donnelly v. Milligan, 37 Ga. App. 530 (140 S. E. 918). Under this ruling and the pleadings in the instant case, the petition was not subject to general demurrer, and the court erred in dismissing the action on demurrer.

2. Paragraph 8 of the petition, setting forth in effect that the defendant, in pursuance of his scheme to defraud the plaintiff and all his other creditors, purchased goods from various other persons (naming the persons and the amounts owed to each of them and alleging that "said purchases were unusual and extraordinary and greatly in excess of any possible reasonable needs of the defendant and on the very eve of bankruptcy") was not subject to the special demurrer interposed, and the court erred in sustaining the special demurrer. The allegations in the paragraph were pertinent to the plaintiff's action, by way of inducement, as they tended to show a general scheme on the part of the defendant to defraud all his creditors, including the plaintiff.

*Judgment reversed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*

DECIDED JUNE 10, 1931.

*J. A. Mitchell,* for plaintiff. *Hawes Cloud,* for defendant.