### 23447. HARTSFIELD COMPANY *v.* NEWLIN.

JENKINS, P. J. A stay of a suit against a bankrupt will be ordered where the suit is founded upon a claim from which a discharge would be a release. Bankruptcy Act, § 11. "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except [among other debts specified] such as were created by his fraud." Bankruptcy Act, § 17. "Where a contract is induced by the actual, moral fraud of one of the parties, his liability for property obtained under the contract may be enforced according to the terms of the contract, or the defrauded party may waive the contract and sue in tort for the damages sustained on account of the fraud. In the first event, the liability of the debtor under the terms of the contract itself is a contractual liability, and a discharge in bankruptcy releases him therefrom. *Ford* v. *Blackshear Mfg.*

*Co.*, 140 *Ga.* 670 (4) (79 S. E. 576) ; Sanger *v.* Barrett (Tex. Civ. App.), 221 S. W. 1087. In the latter event, the liability of the debtor is one arising in tort, for property obtained by false pretenses, and a discharge in bankruptcy does not release him therefrom. *Donnelly* v. *Milligan*, 37 *Ga. App.* 530 (140 S. E. 918).*" Mumford* v. *Mechanics Loan & Savings Co.*, 39 *Ga. App.* 204 (146 S. E. 655) ; Tindle *v.* Birkett, 205 U. S. 183 (27 Sup. Ct. 493, 51 L. ed. 762) ; Friend *v.* Talcott, 228 U. S. 27 (33 Sup. Ct. 505, 67 L. ed. 718). See also *Henry* v. *Ringle*, 44 *Ga. App.* 293 (161 S. E. 269) ; *Speir* v. *Westmoreland*, 40 *Ga. App.* 302 (2, 4) (149 S. E. 422). Accordingly, the instant case is controlled by these rulings, and the trial court did not err in granting to the defendant bankrupt a stay of the suit against him, which, as in the *Mumford* case, supra, was based solely upon the original contractual liability on a promissory note. The present suit was brought upon the note itself, which was given under the "small-loan act," and the petition sought to recover the maximum interest allowed by its provisions and provided for in the note. The ruling here made is not in conflict with what was held in *Symmes* v. *Rollins*, 39 *Ga. App.* 53 (146 S. E. 42), since that case was not one like the instant case, where the note was merely given in an alleged fraudulent transaction, but was one where the consideration of the note had already been obtained by alleged fraudulent means, and, after the fraud had been discovered, the note was given as "an acknowledgment of the tortious liability;" and such being the case, the giving of the note could not have been taken as a settlement of the fraud, since the antecedent fraud constituted the real basis of the note, as was set out in the petition in that case.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED SEPTEMBER 20, 1934. REHEARING DENIED SEPTEMBER 29, 1934.

*Robert T. Efurd, Mose S. Hayes,* for plaintiff.
*A. C. Corbett,* for defendant.