25221. ALLEN *v.* HARTSFIELD COMPANY.

DECIDED FEBRUARY 6, 1936.

*T. J. Ripley, W. M. Bailey*, for plaintiff in error.
*Robert T. Efurd, Mose S. Hayes*, contra.

SUTTON, J. The plaintiff corporation was engaged in lending money, under an arrangement whereby the borrower purchases from the lender an investment certificate and becomes a member of such corporation, executing a note for the purchase-price of the certificate, payable to the lender in monthly installments, the payment of which note is guaranteed by two or more persons acceptable to the lender, and the lender then advances to the borrower on the investment certificate the sum borrowed. The plaintiff brought suit against two defendants as guarantors of a note of a person who had executed the note for borrowed money. It was alleged that the plaintiff was damaged by certain false and fraudulent representations of the defendants. It appeared that the plain-

tiff required of the defendant guarantors certain financial statements, before selling the investment certificate and making the loan to the borrower, in order to ascertain the financial condition and worth of the guarantors, and that the representations made by them in these financial statements were false and were fraudulently made for the purpose of deceiving the lender of their financial status. It also appeared that on the strength of such representations made by the guarantors in their financial statements as to their assets and liabilities, the investment certificate was sold to the borrower, the note executed with defendants as guarantors, which was accepted by the lender and the money lent to the borrower; and that the borrower failed to pay the note, and the guarantors failed and refused to make good their contract of guaranty. One of the defendants demurred to the petition, and to a judgment overruling his demurrer he excepted.

1. Under the decision of this court in *Hartsfield Co.* v. *Newlin*, 49 *Ga. App.* 546 (176 S. E. 516), the liability of the defendants on which the present suit is brought is not contractual, but arises in tort. In such a case the plaintiff may waive the right to sue on the note and the contract of guaranty, and bring an action for damages on account of alleged fraud and deceit by the defendant, whereby the lender advanced the money to its subsequent injury. Code, §§ 105-105, 105-301, 105-302; *Camp* v. *Carithers, 6 Ga. App.* 609 (65 S. E. 583); *Gordon* v. *Irvine,* 105 *Ga.* 144 (31 S. E. 151). The petition in this case alleged a cause of action against the demurring defendant, as well as against the other defendant, for a tort consisting of fraudulent representations made by them in their financial statements, whereby the borrower obtained money from the plaintiff. See *Symmes* v. *Rollins, 39 Ga. App.* 53 (146 S. E. 42); *Ford* v. *Blackshear Mfg. Co.,* 140 *Ga.* 670 (79 S. E. 576); *Mumford* v. *Mechanics Loan &c. Co.,* 39 *Ga. App.* 204 (146 S. E. 655); *Speir* v. *Westmoreland,* 40 *Ga. App.* 302 (149 S. E. 422); *Donnelly* v. *Milligan, 37 Ga. App.* 530 (140 S. E. 918).

2. This action not being founded on any contractual liability, but being based on alleged fraud and deceit of the defendants, the petition was not demurrable for failure to attach to the petition any contract or other writing referred to. Code, § 81-105; 49 C. J. 811, § 876, and Georgia cases cited in note 69; *Quarles* v. *Hucherson,* 139 Miss. 356 (104 So. 148); *Eastman* v. *Gardiner*

Hardwood Co., 137 Miss. 354 (102 So. 270); Heckelman *v.* Rupp, 85 Ind. 286; Stout *v.* Stout, 77 Ind. 537; Smith *v.* Summerfield, 108 N. C. 284 (12 S. E. 997). There was no merit in any ground of the demurrer.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*