OGILVIE, CLAUDE, Associate Judge.
Appellees, Norman S. Rosen and David Pullman, as agents of Two-Ten, Inc., a Florida corporation, were the plaintiffs in the lower court; Florida Coast Enterprises, Inc., a Florida corporation, John J. Kabboord, Damon W. Grover and Euna L. Grover, his wife, were the defendants. This is an interlocutory appeal from an order denying motion to strike and motion to dismiss the complaint.
The first count of the complaint seeks specific performance against the defendants Grover and wife, individually, and Florida Coast Enterprises, Inc.; and in the alternative, the first count of the complaint seeks compensatory damages against the defendants jointly and severally, and for punitive damages against the defendants. The second count of the complaint seeks, in the alternative, compensatory damages against the defendant John J. Kabboord, individually, and also punitive damages against said defendant, individually (the second count of the complaint seeks relief against only one of the four defendants; while the first count seeks relief in the alternative against one or all of the four defendants). It is our view of good pleading that each count must state a good and complete cause of action.
On January 31, 1956, Damon W. Grover procured a written contract with the owners Stewart and wife for the purchase of certain real estate on certain terms. At that time said Grover and the defendant Kabboord and one Van Heusden were officers in the defendant Florida Coast Enterprises, Inc., the said Van Heusden being President, Kabboord Vice President, and Grover Secretary-Treasurer.
In the middle of May, 1956, one Asa Mussick, real estate salesman for Ocean Realty, Inc., proposed to plaintiff Roser; that he purchase the land described ii, Grover’s contract; and, later in May, 1956, said Kabboord showed Rosen the contract of purchase that Grover had with the owners Stewart. Subsequently, one May 22, 1956, said Kabboord purported to assign as an officer of Gold Coast Enterprises, Inc., a Florida corporation, to said Rosen and Pullman the contract of purchase that said Grover (individually) held from the owners Stewart, Kabboord executing said purported assignment as follows:
“Gold Coast Enterprises, Inc., a Florida corporation,
“Per John J. Kabboord,
V-Pres.”
Simultaneously with the execution and delivery of said purported assignment of contract by Kabboord as Vice President of said Gold Coast Enterprises, Inc., a Florida corporation, said Rosen delivered to said Kabboord his personal check in the sum of $1,000, payable to Ocean Realty, Inc., as an escrow payment to bind said assignment contract.
The purported assignment of purchase contract, by Kabboord as Vice President of Gold Coast Enterprises, Inc., copy of which is attached to the complaint as plaintiffs’ Exhibit “C”, does not expressly assign the rights thereunder to anyone whomsoever; however, after the signature of the purported assignor, and after *790 the witnesses’ signatures, there is this notation :
“Accepted May 22nd, 1956
“Norman Rosen and David Pullman
“(Seal) Dave Pullman (Signed)
“(Seal) Norman S. Rosen (Signed)
“Witness Asa Musiclc
“Witness Mabel Musick”
Later on Grover closed his purchase from the Stewarts taking title in his and his wife’s names jointly as an estate by the entireties (the wife paying no part of the consideration). Thereafter, the said Grover and wife failed to honor the purported contract of assignment from Gold Coast Enterprises, Inc., by John J. Kab-boord, as Vice President. On a motion to dismiss the complaint the defendants admit the truth of the facts properly and well pleaded. After reading the ten page complaint, to which was attached the Articles of Incorporation of Florida Coast Enterprises, Inc., and the purported assignment to the plaintiffs Rosen and Pullman, and carefully considering the allegations thereof, it is the opinion of this Court that said complaint should have been dismissed by the lower court.
Before the said Rosen and Pullman had agreed with said Kabboord to purchase said contract, the same was shown to them by said Kabboord and they saw that the contract was made to Damon W. Grover, individually; and after knowing that fact, the said Rosen made a $1,000 deposit on the purchase price thereof, in the form of a check, payable to Ocean Realty, Inc., at the office of said Ocean Realty, Inc., and at the same time and place received the purported assignment of said contract executed by the said John J. Kabboord, as Vice President of Gold Coast Enterprises, Inc. It is our opinion that the complaint contains many conclusions of the pleader, and fails to state sufficient and adequate allegations of fact upon which the defendants Florida Coast Enterprises, Inc., Damon W. Grover and his wife Euna L. Grover, and even the defendant John J. Kabboord, can either be held for damages, or the defendant Grover can be held for specific performance in this suit in Chancery.
The order denying the motion to dismiss is hereby reversed; and the lower Court directed to grant said motion to dismiss.
KANNER, C. J., and SHANNON, J.f concur.