215 So.2d 40 (1968)
Sam C. EVANS, Appellant,
v.
Harold GRAY, Willis H. duPont, Miren duPont, and Margaret F. duPont, Appellees.
Nos. 68-102, 68-149.
District Court of Appeal of Florida. Third District.
October 22, 1968.
Rehearing Denied November 4, 1968.
Frates, Fay, Floyd & Pearson and Larry S. Stewart, Miami, for appellant.
*41 Bolles, Goodwin, Ryskamp & Ware, Miami, for Harold Gray, Willis duPont and Miren duPont.
Prunty, Olsen & Slotnick, Miami, for Margaret duPont.
Before CHARLES CARROLL, C.J., and BARKDULL and HENDRY, JJ.
BARKDULL, Judge.
Appellant, plaintiff in the trial court, instituted an action sounding in tort alleging fraud and deceit practiced by the appellees in the sale of all of the capital stock in an existing Florida corporation. The trial judge dismissed the cause of action for failure to secure jurisdiction of the nonresident defendant, the appellee Margaret F. duPont, pursuant to § 47.16, Fla. Stat., F.S.A., which order of dismissal is the subject matter of Appeal No. 68-102. Thereafter, he dismissed the complaint for failure to state a cause of action against the remaining appellees, which final order of dismissal is the subject matter of Appeal No. 68-149. These appeals have been consolidated for appellate purposes.
Following oral argument and review of the record and briefs, we fail to find that the trial judge committed any error. Because we find that the amended complaint failed to state a cause of action [which is involved in Case No. 68-149], we do not determine the propriety of the order under review in Case No. 68-102 [the affirmance as to the failure to state a cause of action rendering the point involved in the other appeal moot].
The amended complaint in the instant cause alleged that the appellees, as sellers of all the capital stock in a corporation, misrepresented the corporate condition in three particulars: (1) As to the value of the assets on a certain date; (2) The ability of the company to produce certain aircraft in the future; (3) The credit reputation of the company.
The motion to dismiss the amended complaint urged two grounds: (1) Failure to state a cause of action; (2) Failure to attach copies of the written agreements reflecting the sale of the stock.[1]
It is apparent from the amended complaint that the original negotiations culminated in a memorandum agreement dated April 10, 1966, and the transaction was not closed until August, 1966. Of course, all well-pleaded facts are taken as true on a motion to dismiss. Florida Coast Enterprises, Inc. v. Rosen, Fla.App. 1959, 116 So.2d 788; Martin v. Highway Equipment Supply Company, Fla.App. 1965, 172 So.2d 246; Cole v. Exchange National Bank of Chicago, Fla. 1966, 183 So.2d 195; 25 Fla.Jur., Pleadings, § 127. The amended complaint is ambiguous as to the representation of value of the assets of the corporation on June 30, 1966. The amended complaint is susceptible of the view that this representation was made in April, 1966, which would be a representation of value on a date in the future. Therefore, it is not an actionable representation. Williams v. McFadden, 23 Fla. 143, 1 So. 618; Huffstetler v. Our Home Life Insurance Company, 67 Fla. 324, 65 So. 1; Bower v. Selecman, Fla. 1951, 52 So.2d 680; 37 Am.Jur.2d, Fraud and Deceit, § 57; 14 Fla. Jur., Fraud and Deceit, § 15; Anno. 125 A.L.R. 866d.
As to the capacity of the corporation to produce in the future, this is also a representation of future performance and not actionable. Williams v. McFadden, supra; Huffstetler v. Our Home Life Insurance Company, supra; Williamson v. *42 Holt, 147 N.C. 515, 61 S.E. 384, 17 L.R.A., N.S., 240.
As to the credit condition of the company, this also relates to a condition and is an opinion and, as such, is not actionable. Williams v. McFadden, supra; Hart v. Marbury, 82 Fla. 317, 90 So. 173; Smith v. Hollingsworth, 85 Fla. 431, 96 So. 394; 14 Fla.Jur., Fraud and Deceit, § 13.
If the sellers had, by some fraud, prevented the purchasers from attempting to learn the true condition of the corporate business [assuming the allegations in the complaint to be correct], then possibly the purchasers might have had a cause of action. Williams v. McFadden, supra; Stackpole v. Hancock, 40 Fla. 362, 24 So. 914, 45 L.R.A. 814; Ramel v. Chasebrook Construction Company, Fla.App. 1961, 135 So.2d 876; 14 Fla.Jur., Fraud and Deceit, § 30. However, in the instant amended complaint the purchasers do not allege that they were prevented by any artifice, trick, device, or fraud from learning what they alleged to be the true condition of the business.
It is further noted that the amended complaint failed to meet the normal tests for recovery in misrepresentation cases in sale of corporate stock. That is, that the recovery should be the diminution in value of the stock sold, or as bargained, and not whatever might have been an overstatement of assets of the corporation or an understatement of liabilities. There is no allegation in the amended complaint that the stock purchased by the appellees is worth less than what was paid for it because of the alleged misrepresentations, or less than the value as bargained. Without such an allegation the amended complaint was defective. See: Strickland v. Muir, Fla.App. 1967, 198 So.2d 49; Anno. 13 A.L.R.3rd 942, § 9.
Therefore, for the reasons above stated, the several orders here under review be and the same are hereby affirmed.
Affirmed.
NOTES
[1] This ground of the motion to dismiss is found not to be well taken, upon the authority of Braz v. Professional Insurance Corporation, Fla.App. 1958, 101 So.2d 594; Allen v. Hartsfield Co., 52 Ga. App. 549, 183 S.E. 821; Mexican Petroleum Corporation of Georgia v. Head, 64 Ga. App. 529, 13 S.E.2d 887; Stovall v. Rumble, 71 Ga. App. 30, 29 S.E.2d 804; 71 C.J.S. Pleading § 372.