SELMA RAPPAPORT, GENERAL ADMINISTRATRIX OF THE ESTATE OF ARTHUR RAPPAPORT, DECEASED, AND SELMA RAPPAPORT, ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF ARTHUR RAPPAPORT, DECEASED, PLAINTIFF - RESPONDENT, v. ROBERT NICHOLS, MARY NICHOLS, HUB BAR, INC., A NEW JERSEY CORPORATION, MURPHY'S TAVERN, INC., A NEW JERSEY CORPORATION, NATHAN SWEET AND SOLOMON LUSTIG, INDIVIDUALLY AND AS CO-PARTNERS TRADING AS NATE'S TAVERN, EL MOROCCO COCKTAIL BAR, INC., A NEW JERSEY CORPORATION, AND LEONARD BRITTON, DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued November 4, 1968—Decided November 21, 1968.

Before Judges CONFORD, KILKENNY and LEONARD.

*Mr. Ronald B. Atlas* argued the cause for appellant Robert Nichols.

*Mrs. Janet W. Freeman* argued the cause for respondent (*Mr. Fred Freeman,* attorney).

The opinion of the court was delivered by

LEONARD, J. A. D.   Judge Barrett, on August 17, 1961, found that defendant's conduct, in driving while he was intoxicated, was under the totality of the circumstances, "wilful and malicious as the terms are used in the Bankruptcy Act." Consequently, the judge denied defendant's motion to stay, pending his bankruptcy proceeding, the execution against his wages issued to satisfy a judgment in a negligence action. This finding was incorporated in an order dated August 24, 1961.

We agree with Judge Hayden's determination made on March 8, 1968 upon a renewed application for a wage execution, and here appealed, that Judge Barrett's decision was *res adjudicata* on the issue of dischargeability of the judgment in bankruptcy.

Defendant first contends that *prior* to a bankruptcy discharge a state court does not have jurisdiction to decide the issue of whether a debt allegedly arising from a willful and malicious act is dischargeable. He asserts that any such prior finding is therefore not *res adjudicata* in a state court until

such issue is properly raised *after* discharge. Defendant's position is that the nature of the relief sought before Judge Barrett was discretionary and the sole determination that he could properly have made was that "it appears" that the judgment was not dischargeable. It is asserted that he lacked jurisdiction to make "a finding of fact bearing on the nature of the debtor's dischargeability."

However, defendant himself in 1961, in opposing plaintiff's wage execution and in requesting a stay, asserted the dischargeability of the judgment entered against him as an absolute bar against the issuance of the wage execution. Defendant did not then take the position he now urges. Thus, dischargeability was the issue that was contested by the parties and submitted to the court for determination. And the court flatly decided it on the merits. The decision of the question was material to the court's action of denial of the motion for a stay, being the only ground therefor. We therefore find an identity of issues in the 1961 and 1968 proceedings.

None of the cases cited by defendants holds that a state court with jurisdiction over a claim cannot, *prior* to discharge, adjudicate on the merits the dischargeability of that claim in the course of a hearing on a request for a stay. To the contrary, it would seem that such jurisdiction has been taken for granted. See *Pettit v. Port Newark Nat'l Bank,* 110 *N. J. Eq.* 324, 329 (*Ch.* 1932); *Mass v. Kuhn,* 130 *App. Div.* 68, 114 *N. Y. S.* 441, 445 (*App. Div.* 1909); *St. Louis, B. & M. Ry. Co. v. Brack,* 102 *S. W. 2d* 261 (*Tex. Ct. App.* 1937); *Hartsfield Co. v. Newlin,* 49 *Ga. App.* 546, 176 *S. E.* 516 (*Ga. Ct. App.* 1934). We conclude that this contention is without merit.

Defendant further argues that the determination and order of Judge Barrett was not *res adjudicata* because it was not a "final" judgment reviewable on appeal. This point is frivolous. The determination terminated the litigation on the matter decided, being an adjudication of a litigated matter in the proceedings subsequent to judgment. The

order on that decision was therefore a final appealable adjudication. *Romano v. Maglio*, 41 *N. J. Super.* 561, 568–570 (*App. Div.* 1956).

Judgment affirmed.